Bouldin, J.,
delivered the opinion of the court.
This is an appeal from a decree of the Chancery court of the city of Richmond, dissolving an injunction which had been awarded the testator of the appellant, and dismissing his bill with costs.
The bill charged that the transaction therein referred to was usurious, and prayed that the question might be tried by a jury; and, on motion of the plaintiff', a jury was empannelled to try at the bar of the court, “the issue, whether the transaction in the said bill alleged to be usurious be usurious or no.” The trial of the issue was regularly had at the bar of the court; and on the 21st day of November 1870 the jury rendered a verdict in the following words: “We, the jury, find that the transaction in said bill alleged is not usurious.” On the jury being polled, one of the jurors said that the verdict rendered was his verdict, “under the instructions of the court; ” all the others as respectively called, said it was their verdict.
The plaintiff' thereupon moved the court to set aside the verdict, and order a new trial of the issue; which motion was continued. On a subsequent day, to wit: on the 21st of December 1870, the court overruled the *227 motion for a new trial; and the evidence being conflicting, refused to certify the facts proved on the trial of the issue; to which opinion and action of the court the plaintiff excepted.
On the same day the court, approving the verdict of the jury, entered a decree dissolving the injunction which had been awarded in the cause, and dismissing the plaintiff’s bill with costs; and from that decree Gi’aeme appealed to this court.
The Chancery court having refused, and we think properly refused, to certify the facts proved on the trial of the issue, because the evidence was conflicting, no question of fact is presented for the consideration of this court. "We cannot enquire whether the finding of the jury is sustained by the evidence or not. The only question before ns is, whether the Chancery court in giving or refusing to give instructions to the jury, or in opinions expressed in the progress of the trial, erred in propounding the law of the case.
It is contended for the appellant, that the court did err:
1. In refusing to give the instructions moved by appellant:
2. In giving other and different instructions in lieu thereof.
The questions arose as follows :
There was evidence in the cause showing, or tending to show, the following facts: That in July 1865, an agreement was entered into between John Graeme and. S. II. and J. F. Adams, by which the latter agreed to build for the former certain houses in the city of Bichmond, according to plans and specifications, for the lumping sum of $54,700, payable in annual instalments of $12,000, to bear interest at the rate of 7 80 per cent, per annum, and tó' be secured by a deed of trust on the *228 property; that afterwards, to wit, on the 18th of November 1865, a new contract was entered into between the parties, by which the contract price of the buildings was changed from $54,700 to the sum of $57,800, to be paid in like annual instalments of $12,000, but bearing only 6 per cent, interest, instead of 7 30; that the sum of $3,100, the difference between the contract price of July 1865 and that of November 1865, was the precise amount of the difference between the interest on the first contract price at 7 30, and the interest on the same sum at 6 per cent.; that in the progress of the work, extra work, to a considerable amount, had been done, for which a balance of $2,200 was claimed as unpaid, in addition to the contract price; that on a final settlement between the parties, when the buildings were completed, the Adams claimed of Grseme $61,000; that Grseme offered to settle at the lumping sum of $60,000; which was promptly accepted; that the sum of $57,800 mentioned in the contract of November 1865, and the balance claimed for extra work $2,200, would amount to the exact sum of $60,000 offered by Grseme and accepted by the Adams; and that the same amount would be reached by taking the first contract price $54,700, and adding thereto $3,100, the difference between 7 30 and 6 per cent., and the $2,200 claimed for extra work.
The plaintiff’s counsel then asked the court to instruct the jury as follows:
“1. If from the evidence the jury shall believe that the defendant contracted to build the houses of the plaintiff upon terms of credit, the payments to bear interest at the rate of 7 30 per cent., such contract was usurious, although the defendant was ignorant at the time that it was usurious,”
“2. If the defendants set up a new contract subse *229 quently made, and seek to recover upon that contract they must prove to the satisfaction of the jury, that such new contract was made and accepted by' both parties ; and that all the usury in the first contract was excluded from it, and no new usurious consideration included in it.”
“3. That if the defendant, in making the new contract, knowingly included in it any sum of money over and above the true contract price of the work, as a'compensation to him for loss of interest, then the said new contract is usurious.”
“4. The question of fraud is not in issue before the j urv. That issue is, was the transaction usurious or not? and if the jury shall be of opinion, from the evidence, that it was usurious, then it is void, whether it be fraudulent or not.”
“5. To constitute a new contract, the jury must be satisfied that the first contract was abandoned and surrendered by the parties thereto, and that the contract of the 18th of November 1865 was executed and delivered by said parties as a substitute therefor. But if the jury shall believe that said contract of November 1865 was intended by said parties to be a modification of the first contract, and made to assure its performance, then it is not a new contract.”
“6. If from the evidence the jury shall believe that upon the final settlement of the accounts between John Grseme and S. H. and J. F. Adams, the balance stated was made up of the contract price for the work and the price of extra- work done by the Adams, (after crediting payments for extra work,) and a sum of $3,100; which sum was the exact amount of the usurious interest upon the contract price for the whole term of bredit, at the rate of 7 30 per cent, per annum, and for the balance thus ■ ascertained, the said Grseme executed *230 Ms negotiable notes with interest at the rate of six per cent, per annum, then the transaction was usurious, and *.ie jury must find for the plaintiff.”
“7. A loan or forbearance of money to be paid at a future day for more than six per cent, is usurious; and if therefore the jury shall be satisfied by the evidence, that the defendants charged the plaintiffs more than six per cent, for the forbearance of the payment of the buildings, in the manner and to the extent expressed in the notes which were executed by the plaintiff to the defendants, then the transaction is usurious.”
The defendants then moved certain instructions, which it is unnecessary to repeat, as no question arises thereon.
The court refused to give the instructions as asked for by the parties respectively, and gave the following:
“1. If from the evidence the jury shall believe that the defendants contracted to build the houses of the complainant Graeme upon terms of credit, the payments to bear interest at the rate of 7 30 per cent., in such case the question whether such contract was usurious or not usurious will depend on the further question, whether the reservation of the rate of 7 30 per cent, was directly or indirectly for the loan or forbearance of money or other thing, or whether it was a part of the consideration for building the houses.
“If the jury believe from the evidence that it was for the loan of money or other thing, directly or indirectly, or for the forbearance of a debt due, then such contract was usurious, although the defendants were ignorant at the time that it was usurious.
“On the other hand, if they believe it was part of the consideration for building the houses, a part of the contract price, it was not usurious.
“2. If the defendants set up a new contract subsequently made, and seek to recover on that contract, they *231 must prove to the satisfaction of the jury, that such new contract was made by the complainant and accepted by the defendants. And if the jury believe, that the first ■ contract was usurious they must be also satisfied that all the tisury in the first contract was excluded from such new contract; and that no usurious consideration was included in such new contract.”
“3. That if the defendants, in making the new contract, included in it any sum of money over and above what the jury shall find to have been the amount of the true contract price of the work, and that the sum so included in such new contract, was intended to be a compensation to them for the loss of interest on a loan or for the forbearance of a debt due, and that the interest for such loan or forbearance was at a greater rate than six per cent, per annum, then such new contract was usurious.
“4. The question of fraud is not in the issue before the jury; that issue is, was the transaction usurious or not? If the jury shall be of opinion from the evidence that it was usurious, then it is void, whether it be fraudulent or not.
“5. To constitute a new contract, the jury must be satisfied that the first contract was rescinded and set aside by the parties thereto; and that the contract of the 18th of November 1865 was executed and delivered by Graeme and Hunter and wife, and accepted by the defendants, as a substitute therefor; and that it was the intention of the parties to be governed thereafter by the terms of the said second contract.
“6. If.from the evidence, the jury shall believe that upon the final settlement of accounts between John Grseme and S. H. and J. F. Adams, the balance stated was made up of the contract price for the work and the price of extra work done • by the Adams, (after *232 crediting payments for tlie extra work,) and a sum of $3,100 ; and the jury shall find that the sum of $3,100 “ was the exact amount of intei’est upon the contract price for the whole term of the credit, at the rate of 7 30 per cent, per annum; and for the balance thus ascertained the said Graeme executed his negotiable notes with interest at the rate of six per cent, per annum ; then, if the jury further believe, that the said sum of $3,100 was for interest for the loan of money or other thing, directly or indirectly, or for the forbearance of a debt due, then such contract was usurious; but if the jury believe that said sum was not for such loan or forbearance, then the transaction was not usurious.”
And then, at the instance of the plaintiff’s counsel, who moved the court to explain the meaning of the word forbearance, as used in the instructions, the court gave to the - jury the following explanation:
“The Legislature uses two words,” ‘loan,’ ‘forbearance.’ It did not use those two words in the same sense.
“When the word loan was used, it meant ‘a delivery of something to another for his temporary use, which he is to return to its owner at the expiration of his term.’ “A forbearance is the giving of a day for the return of the loan; or, more properly, signifies the giving a further day when the time originally agreed on is passed.”
“The latter clause of this definition is referred to as more clearly indicating what in the view of the court ; constitutes a forbearance.” “When the time originally agreed on is passed, and another day is given, that is forbearance; and if the rate of interest is above six per cent, it is usurious.” “Lor instance, if A. lends JB. $100 for three months, at 6 per cent, interest, that is a lawful loan; if at or before the time the $100 becomes payable, B.cannot pay, and further time is agreed on. *233 that is forbearance; and if moré than 6 per cent, is also agreed on, it will be usurious and void.”
“When the houses were completed there was a present debt owing by Grreme to S. H. and J. F. Adams, payable at a further day. There was no debt until the houses were completed. If there was an agreement to give a further day after the time originally agreed on was or should be passed, then if more than legal interest was charged it was usurious.”
“What is the time originally agreed on, and whether or not there was an agreement for a further day, are questions of fact for the jury.”
After the case had been argued and submitted to the jury, one of the jury asked the court to state what would be the effect of a tender of the money by the plaintiff to the defendants upon the completion of the buildings erected by the defentants for the plaintiff; and the court said:
“If the contract for the price of the houses was payable in instalments bearing interest, that contract could not be discharged by the tender of cash at the time when the buildings were completed.”
To all of which Opinions, instructions and action of the court, the plaintiff by counsel excepted.
It is insisted for the appellant, that the Chancery court erred in refusing to give the instructions asked for by his counsel, and in giving the instructions which were given by the court.
The instructions thus given seem to cover the whole case; and without entering upon a critical examination of the several instructions given and refused by the court, which we deem unnecessary, we are of opinion, that the instructions correctly propounded the law of the case, and that there was no error in giving them in lieu of the instructions moved by the plaintiff.
*234 - Usury can only attach to a loan of money; or to the forbearance of a debt. It is well settled that on a contract to secure the price or value of work and labor done or to be done, or of property sold, the contracting parties may agree upon one price if cash be paid, and upon as large an addition to the cash price as may suit themselves, if credit be given; and it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum to the cash price, or by a per centage thereon. In neither case is the transaction usurious. It is neither a loan or the forbearance of a debt, but simply the contract price of work and labor done or property sold; and the difference between cash and credit in such cases, whether six, ten or twenty ;per cent, must be left exclusively to the contract of the parties; and no amount of difference fairly agreed on can be considered illegal. It is confounding subjects and terms wholly dissimilar and distinct, to treat such contracts as usurious, as coming within the definition either of a loan of money or other thing, or the forbearance of a debt.
In all cases where property, goods or things in action, and the like are bona fide sold, or contracts are made for service, instead of for money or other thing advanced, “ the courts hold that usury cannot attach for the want of a loan. There is, in such case, no element of a loan, nor any forbearance of a debt, in the sense of the statute. See Tyler on Usury, ch. 10, 11, p.p. 110 to 148, inclusive, where the subject is fully treated, and all the authorities cited.
In the case of Beete v. Bidgood, 14 Eng. C. L. R. 8, Ld. Tenderton refers to the distinction we have been considering, and says: “The agreement was founded partly on what was considered its price if paid for at a future day. The only difficulty has been occasioned by calling the difference between these two prices interest; *235 but it is our duty to look not at the form and words, but at the substance of the transaction.” And he held the contract legal, notwithstanding the increased price given ' for the credit was called interest, and exceeded the legal rate. This addition was regarded a part of the contract price.
The principle thus announced, will be found to be fully sustained by the authorities examined and cited by Mr. Tyler in his recent work on Usury, ubi sup. ; and the same principle has been recognized by this court in the recent case of Knaker v. Shields, 20 Gratt. 377. There a sum of money called interest was added to the principal of the deferred instalments, and bore interest when due as a part of the principal. It was objected to as illegal. The objection was overruled, and the court said: “In fact the interest is part of the purchase ■money of the land, and in effect is principal;” being thus a part of the purchase money of the land, and principal, not interest, no amount thus bona fide added as principal could make the debt usurious. That addition is, and of necessity must, be regulated by the contract of the parties, and not by law. Tor the same principle see 5 Rob. Prac., p. 466-7, and cases cited.
In Hogg v. Ruffner, 1 Black. U. S. R. 115, 118-19, Justice Grier delivering the opinion of the court, in an analagous case, says, after referring to Crawford v. Johnson, 11 Ind. R. 258: “ But it is manifest that if A. propose to sell to B. a tract of land for $10,000 cash, or for $20,000 payable in ten annual instalments, and if B. prefers to pay the larger sum to gain time, the contract cannot be called usurious. A vendor may prefer $100 in hand to double, the sum in expectancy, and a purehaser may prefer the greater price with the longer credit; and one who will not distinguish between things that differ, may say with apparent truth, that B. pays *236 a hundred per cent, for forbearance; and may assert that such a contract is usurious. But whatever truth' ■ there may be in the premises, the conclusion is manifestly erroneous. Such a contract has none of the characteristics of usury; it is not for a loan of money or forbearance of a debt.”
We think the instructions of the court, touching the question of usury, taken as a whole, are in strict accordance with the principles announced, and there is no error therein.
But the appellant’s counsel insist that the 6th instruction of the court is erroneous, unintelligible,, and calculated to mislead the jury. We think there is nothing in that instruction of which the appellant has cause to complain. It was based on evidence in relation to the final settlement between Graeme and the Ada3ns, and was given as a substitute for the 6th instruction asked by the appellant; and, in substance and effect, it merely left it to the jury to determine whether the $3,100 added to the original contract price of the woi’k was usurious interest, or a part of the contract price of the buildings. In giving the instructions the Chancery court used almost identically the words of Judge Grier in Hogg v. Ruffner, defining usury. lie says, p. 118: “To constitute usury there must be either a loan and a taking of usurious interest, or the taking of more than legal interest for the forbearance of a debtor sum of money due.”
The instruction says: “If the jury further believe that the said sum of $3,100 was for interest for the loan of money or other thing, directly or indirectly, or for the forbearance of a debt due, then such contract was usurious.” The use of these words, “for the forbearance of a debt due,” it is contended, renders the instruction ambiguous and unintelligible, and therefore erroneous, as calculated to mislead the jury. We have seen that they *237 arc, in substance, and almost to the letter, the same used by Judge Grier in defining usury; and we are of opinion, as applied to the case before the court, they were appropriate, and not calculated to mislead the jury.
It is further urged that the court below erred in saying to the jury, in reply to a question of a juror, that “ If the price of the houses were payable in instalments bearing interest, that contract could not be discharged by the tender of cash at the time when the buildings were completed.”
The opinion thus expressed we think unquestionably correct. A debtor has no right to anticipate the payment of a debt, payable at a future day, and bearing interest, without the consent of the creditor.
The court is of opinion that there is no error in the decree complained of; and that the same be affirmed, with costs to the appellant.
Decree affirmed.