Oakley, J.
It is sufficiently shown in this case, that the note on which the suit is brought was the property of Ash, and that it was sued in the name of the plaintiff) as his trustee, and for his benefit. The plaintiff’s attorney was called as a witness; and from his evidence, there was good reason to believe that the plaintiff is a fictitious person. The Judge required further evidence as to who he was, with a view, I presume, to ascertain whether he was or was not a real person, and none being given, he directed a nonsuit. It is now moved to set this nonsuit aside.
It seems to be settled, that where a note is payable to bearer, or is endorsed in blank, an action on it may be maintained in the name of any person, without the plaintiff’s being required to show that he has any interest in it, unless he possesses the note under suspicious circumstances. [11 J. R. 53. 7 Cow. R. 176.] It also appears to be established, that if any question of mala fide possessio arise, that is a matter of fact to be raised by the defendant, and submitted to the jury. In no other case does the court inquire into the right of the plaintiff, as possession will be evidence of property in him. [3 J. Cases, 263.] It is also recognized as a rule, that where the plaintiff on the record is a mere trustee for another, the defendant may avail himself of any defence, (except probably a set-off,) which he might set up against the real owner, if the suit were in his name. [7 Cow. R. 177.]
Applying these principles to the case now before us, it would seem that the real inquiry ought to have been, whether Ash, the owner of the note, was the bond fide possessor of it. The circumstances, under which it was obtained from the defendant. *558 and put into circulation, were sufficient to throw upon Ash the burthen of showing how it came into his hands. The proof, " that the plaintiff was a fictitious person, may have been very material, to show bad faith or fraud in Ash, in prosecuting the note. That was a question, however, which should have been submitted to the jury. The probability raised by the evidence, that the plaintiff was fictitious, could not, properly, have been made the ground of a nonsuit. If it had been competent, under any circumstances, to call upon the plaintiff to prove who and what he was, that also was an inquiry for the jury. Prima facie, undoubtedly the plaintiff is to be deemed a real person, and whether the evidence showed him to be otherwise, was not for the court to determine. In any point of view, therefore, it seems to me that the nonsuit ought not to have been granted.
Nonsuit set aside, and new trial granted.
[T. S. Mitchell, Att’y for the plff. J. R. Whiting, Att’y for the deft.]
Note.—Upon the second trial of this cause, the facts proved did not differ materially from those established at the first trial, except that it clearly appeared that Ash paid no value for the note when he received it of Hart; but there was some evidence to show that the latter had advanced to Hickox 130 dollars when it was delivered to him; and the plaintiff’s counsel contended, that he had a right to recover of the defendant to that amount. The Chief Justice, before whom the cause was tried, charged the jury, that the defence set up, was not sufficient to protect the defendant, unless they should be of opinion that the note was fraudulently negotiated by Hickox, and taken by Hart with notice of the fraud. That if they believed that Hart had made an advance upon the note bond fide, they would be warranted in finding a verdict for the plaintiff to the amount of that advance.
The jury found a verdict for the defendant, and the court afterwards refused to set it aside.
They observed that it was a well settled rule, that if a note is put into circulation fraudulently, no person can maintain a suit upon it, who has not paid a valuable consideration for it, in ignorance of the fraud. That the facts of the case had all been presented fairly to the jury, who had passed upon them, and that under the eircumstances of the case the verdict ought not to be disturbed.
Mr. M‘Coun, for the plaintiff, cited 5 Barn. & Ald. 674, and 4 Cow. R. 567., as to the acquiescence of the defendant in the passing of the note.
*559 Mr. Whiling, contra, cited 7 Cow. R. 176. 10 J. R. 231. 15 J. R. 270.
As to the acquiescence of the defendant in the passing of the note, the court observed that there was no evidence of an advance upon it by Ash, after the bond of Hart was received by the defendant, and that that branch of the defence could not therefore be sustained.