[PHILADELPHIA, APRIL 30TH, 1839.]

## PEARCE *against* AUSTIN.

### IN ERROR.

1. A protest not being necessary to charge the maker of a note, no legal inference can be drawn from the omission to make such protest, respecting the time at which the note came into the hands of the holder.

2. An action may be maintained in the name of one as agent for a company, upon a promissory note, payable to order and endorsed in blank, unless the possession of the note appear to be *mala fide*.

ERROR to the District Court for the City and County of Philadelphia.

On the 16th of December, 1837, a summons issued from that Court, returnable on the 1st of January, 1838, in an action on the case entitled, " Charles B. Austin, agent for the Union Glass Works," against John Pearce.

The plaintiff filed a copy of the note on which the action was brought, and which was as follows:

" Philadelphia, August 18th, 1837,

" $127 82.

" Sixty days after date, I promise to pay to the order of John Houghtin, one hundred and twenty-seven dollars eighty-two cents, without defalcation, for value received.

Endorsed                                 JOHN PEARCE.

" JOHN HOUGHTIN.

" CHARLES B. AUSTIN, agent for the Union Glass Works.

T. W. DYOTT."

On the 18th of January, 1838, the defendant filed an affidavit of defence in the words following, viz:

" John Pearce, the defendant above named, on his solemn affirmation, declares and says, that he has a just and true defence to the plaintiff's demand in the above case, the nature and character of which are as follows: viz. That the note on which suit is brought,

(Pearce *v.* Austin.)

was given to John Houghtin under an agreement that he was not to part with the note ; and that soon after the date of the note, this deponent sold goods to said Houghtin, amounting to about ten dollars, which was agreed to be credited upon the said note ; that to the knowledge of this deponent, no notice of protest was ever served on him, nor does he know that the said note was protested. The deponent further says, that he is informed and believes, that the plaintiff cannot sustain a suit in his own name, as agent for the Union Glass Works; but that the said company being unincorporated, the name of each and every member and stockholder therein should be used in a suit brought for their use ; and that for want of proper parties plaintiffs, this suit cannot be sustained."

A rule was granted to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which, after argument, was made absolute, and the defendant took this writ of error, and made the following assignments of error.

" The Court erred in giving judgment for plaintiff upon the rule.

1. Because the note not having been protested for non-payment, it does not appear but that it came to the hands of the plaintiff after due, and that the set-off of the defendant should have been allowed.

2. Because the plaintiff cannot by law maintain a suit as agent, without disclosing who are his principals; and he must place on record some responsible persons as parties."

Mr. *Hopkins* for the plaintiff in error, cited 1 *Chitty's Pleadings,* 5. *Gilmore* v. *Pope*, (5 *Mass. Rep.* 481.)

Mr. *C. Ingersoll, contra,* was stopped.

The opinion of the Court was delivered by

Rogers, J.—A protest, not being necessary in a suit against the drawer, no legal inference can be drawn from an omission to do what the law does not require. There is nothing, therefore, in the first objection.

The suit was brought to recover the amount due on a promissory note, drawn by John Pearce, the defendant, payable sixty days after date, to the order of John Houghtin. It was endorsed in blank to Charles B. Austin, agent of the Union Glass Works, transferred by him to T. W. Dyott, and the suit is brought in the name of Charles B. Austin, agent of the Union Glass Works, who is the holder of the bill. The question is, can an agent bring a suit on a promissory note in his own name ? This is a question, which depends altogether on authority. A holder of negotiable paper, can maintain an action on it in his own name, without showing title to it. The Court will

(Pearce *v.* Austin.)

not inquire into his right to the paper, or his right to maintain a suit upon it, unless circumstances appear showing his possession to be *mala fide.*    *Dean* v. *Hewett,* (5 *Wendell,* 257.)    *Talman* v. *Gibson,* (1 *Hall,* 308.)    *Livingston* v. *Gibson,* (3 *Johns. Cases,* 263.)

In *Ogilby* v. *Wallace,* (2 *Hall,* 553,) the right to sue even by a fictitious person, when the name of the real party was disclosed, unless some question arose as to the *mala fide* possession, was asserted.    The Court non-suited the plaintiff, on the ground that he was a fictitious person, but on an appeal the nonsuit was set aside, that the question of fact, connected with the possession and presentation of the note, should be submitted to a jury.    This principle applies to a note payable to bearer, or endorsed in blank; for in either case an action can be maintained in the name of any person, without the plaintiff being required to show that he has any interest in it, unless he came into the possession of the note under suspicious circumstances.    Here there is no allegation of *mala fides,* so that the case stands clear of that objection.    The suit is brought by Austin, who is a trustee or agent for the company. ' He has the legal title to the bill, and the suit is brought in the name of the legal owner. Stating that he is the agent of the Union Glass Works, is equivalent to saying that the suit is for their use. , This brings it within the principle of the cases cited.    But *Mauran* v. *Lamb,* (7 *Cow.* 174,) is still nearer the point.    It is there held, that one holding a check or note payable to bearer, as a mere agent, may sue on it in his own name, and that it does not lie with the opposite party to assert the plaintiff's want of interest.    It can certainly make no difference whether the note is payable to bearer, or endorsed in blank, and in the possession of a *bona fide* holder.

Judgment affirmed.