## SHUBAEL D. CHILDS, JR

| 38b 437 |
| 49a 23 |

*v.*

## GILBERT C. DAVIDSON.

1. PROMISSORY NOTE—*what constitutes.* An instrument was made as follows :

"CHICAGO, ILL., Sept. 19, 1854.

"For value received I promise to pay to the order of Shubael D. Childs, two hundred dollars, with interest, payable to F. Vose or bearer, on the first day of July, next, at Messrs. Forrest Brothers' & Co., banking house Chicago City, Illinois.

"SHUBAEL D. CHILDS, SR."

This was held to be a promissory note, and negotiable as such, notwithstanding it would not be considered as issued until indorsed by Shubael D. Childs, Jr.

2. ASSIGNMENT—*what constitutes—guaranty.* When the payee of a note indorses upon it : "I guarantee the payment of the within note," that will operate also as an assignment of the instrument.

3. VARIANCE—*between the name of the payee and indorser of the note.* Where a promissory note payable to "F. Vose" was assigned by "Franklin Vose," and the assignment is not put in issue by a sworn plea, it is proper to presume that the "Franklin Vose" who indorsed the note is the "F. Vose" to whom it was payable.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The case is stated in the opinion of the Court.

Mr. CHARLES C. BONNEY and Mr. J. EDWARD FAY, for the appellant.

This is the instrument sued upon, and in the name of an assignee:

$200                                    CHICAGO, ILL., Sept. 19, 1859.

For value received, I promise to pay to the order of Shubael D. Childs, two hundred dollars, with interest, payable to F. Vose or bearer, the first day of July next, at Messrs. Forrest Brothers & Co., banking house, Chicago City, Illinois.

SHUBAEL D. CHILDS, JR.

It is not a promissory note, and is not negotiable as such. Statute of Negotiable Instruments, Sec. 3, 4; *Mayo* v. *Chenowith*, Breese, 155; *Clifford* v. *Keating*, 3 Scam. 250; *Musselman et al.* v. *Oakes*, 19 Ill. 91.

Mr. E. W. EVANS, for the appellee, insisted the instrument was good as a promissory note, and negotiable, citing Chitty on Bills, 153 to 160; *Willis* v. *Green*, 10 Wend. 519; *Congregational Society* v. *Goddau*, 7 N. H. 430; *M'Guhu* v. *Childress*, 2 Steward, 506; *Chittenden* v. *Ensign*, Wright, 721.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit brought by Davidson, the appellee against Shubael D. Childs, Jr. On the trial below the plaintiff offered in evidence the following instrument:

$200                                    CHICAGO, ILL., Sept. 19, 1859.

For value received, I promise to pay to the order of Shubael D. Childs, two hundred dollars, with interest, payable to F. Vose or bearer, on the first day of July next, at Messrs. Forrest Brothers & Co., banking house, Chicago City, Illinois.

SHUBAEL D. CHILDS, JR.

On the back of said instrument were the following indorse-ments :

"S. D. CHILDS, Chicago, Ill.

" I guarantee the payment of the within note.

"FRANKLIN VOSE."

The defendant objected, but the instrument, with its indorse-ments, was admitted, and the court gave judgment for the plaintiff.

The counsel for appellant, in their argument, take no objection to the fact that the blank indorsement of Vose was not filled up in the name of the plaintiff, which might have been done at the trial, but they insist that the instrument itself is not a promissory note, and therefore not negotiable. It is urged that it was subject to the condition of an indorsement by Shubael D. Childs, Sr., before it became payable to all. We do not perceive wherein, in this respect, it differs from an instrument payable to the order of the maker, and yet such instruments are universally admitted to be promissory notes and negotiable as such. In neither case is the instrument considered as issued until the requisite indorsement is placed upon it, and in both cases it then becomes a complete promissory note, having the requisite certainty as to time, persons and amounts. An instrument precisely the same in character was held in *Willis* v *Green*, 10 Wend. 519, to be a promissory note. In no State has greater liberality been shown by the courts in regard to this class of contracts than in our own, and in doing this the courts have clearly only carried out the design of the Legislature, our statute upon this subject being of the broadest description. These instruments, too, are often drawn by illiterate persons, and being in constant use in the daily affairs of life, should be treated with indulgence, for the purpose of carrying out the intent of the parties.

The counsel for the appellant further urge that even if this instrument can be treated as a negotiable note, it was not assigned by Vose. It was decided by this court in *Heaton* v. *Hurlbut*, 3 Scam. 489, that a guaranty upon a note oper...

also as an assignment, and transferred the legal title. Were this not so, the guaranty itself would often be nugatory. We concur in that decision. See also *Judson* v. *Goodwin*, 37 Ill. 286

We do not discover the grounds of objection for the alleged variance. The original note, which is sent up with the record, may be read " F. Vose" without difficulty, and as the assignment is not put in issue by a plea and affidavit under the statute, it is proper to presume that the Franklin Vose who indorsed the note is the " F. Vose" to whom it was payable.

*Judgment affirmed.*