## STATE OF IOWA;

### DES MOINES, DECEMBER TERM, A. D. 1870.

IN THE TWENTY-SIXTH YEAR OF THE STATE.

PRESENT:

HON. JAMES G. DAY, CHIEF JUSTICE.
" CHESTER C. COLE, ⎫
" JOSEPH M. BECK, ⎬ JUDGES.
" WILLIAM E. MILLER, ⎭

## ROBINSON v. LAIR.

1. Promissory note: STAMPS: CANCELLATION. The mode of cancellation of a revenue stamp is not essential to the validity of a promissory note to which it is affixed.

2. —— POST-STAMPING. Nor will the fact that the note was not stamped at the time of its execution invalidate the same in the hands of a *bona fide* holder, if it was properly stamped when negotiated to him. Following *Blackwell* v. *Denie*, 23 Iowa, 63.

VOL. XXXI.— 2

3. Burden of proof: SIGNATURES OF WRITTEN INSTRUMENTS. In order to cast upon the plaintiff in an action upon a promissory note, or other written instrument, the burden of proving the genuineness of the signature of the maker or indorser thereof, the same must, under our present statute (chap. 28, laws of 1862), be denied under oath by the party whose signature it purports to be. It is accordingly *held*, that a denial by the maker of the genuineness of the signature of the indorser is not sufficient to throw such *onus* upon the plaintiff.

4. Promissory note: INDORSEMENT. A promissory note had the following written on the back of it: " For value received, we guarantee the payment of the within note, and hereby waive demand and notice of non-payment." *Held*, that it operated as a transfer of the note, or as an indorsement thereof with an enlarged liability.

5. —— LATENT EQUITIES. Latent equities cannot be set up by the maker of a negotiable promissory note against a holder who received it before due, though he received it upon, and in part payment of, an unsettled acconnt.

*Appeal from Keokuk Circuit Court.*

FRIDAY, JANUARY 27.

ACTION upon a promissory note executed by defendant to Warder, Mitchell & Co., and bearing the following indorsement: "For value received we hereby guarantee payment of the within note, and waive demand and notice of nonpayment thereof. Warder, Mitchell & Co." The answer admits the signing of the note; avers that it was never stamped by defendant; denies, under oath, the indorsement; alleges that the note was given for a reaper and mower sold by payee to defendant, which was of no value, and that plaintiff took said note without value, after due, by delivery without indorsement and with knowledge of said defense. Trial by the court. Judgment for plaintiff. Defendant appeals.

The further necessary facts are stated in the opinion.

*G. D. Woodin* for the appellant.

*C. H. Mackey* for the appellee.

DAY, Ch. J.—I. The first question urged is as to the stamp. The note, when received by plaintiff, bore a stamp of the proper amount, canceled with a cross. We do not regard the mode of cancellation essential to the validity of the note. 3 Pars. on Cont. (5th ed.) 290.

*1. PROMISSORY NOTE: stamps: cancellation.*

Bearing a stamp of the proper amount, at the time it was received by the plaintiff, the presumption is, that it was affixed at the proper time, and by the proper party. *Iowa & Minnesota Railway Co.* v. *Perkins*, 28 Iowa, 281. And, the plaintiff being, as will hereafter appear, an innocent holder for value, the presumption in his favor is conclusive. *Blackwell* v. *Denie*, 23 Iowa, 63.

*2. —— post-stamping.*

II. Defendant answered under oath, denying the indorsement of the note from payees to plaintiff. Chapter 28, laws of 1862, provides that, when an action is founded on a written instrument, and the original or a copy thereof is annexed thereto, the signature thereto, or to any indorsement thereon, shall be deemed genuine and admitted, unless the *party whose signature it purports to be* shall deny the same under oath, in his pleading, or in a writing to be filed at the same time with his pleading. It is to be observed that this section provides that the signature shall be deemed genuine and admitted, unless the party whose signature it purports to be shall deny the same under oath. It is plain that the denial by the maker of a note, of the genuineness of the signature of an indorser, is not provided for in this section, and hence a denial, not under oath, is the same in its effects upon the proof as a denial under oath. Rev., § 2915. Hence the question arises, what is the rule of law

*3. BURDEN OF PROOF: signatures of written instruments.*

when the maker of a note is sued by the indorsee ? Does the *simple denial* of the maker cast upon the plaintiff, as at common law, the burden of proving the genuineness of the indorsement, or, as his oath does not increase the efficiency of his denial, is the burden of proof in all such cases upon the defendant to disprove the indorsement? Appellant insists upon the former construction. At common law it was incumbent upon the party seeking to recover upon an instrument to prove the signatures of all the parties thereto. The inconvenience of this rule led to the changes introduced by our statute. The Revision, section 2967, provided that the genuineness and due execution of the instrument should be deemed admitted, unless denied by the adverse party under oath, and, in this respect, was substantially the same as chapter 108, act of 1852. This was a great improvement upon the common law. Still, however, it was competent for the party sued upon a written instrument to deny under oath the signature of an indorser or assignor, and thus compel the plaintiff to prove its genuineness. This section was followed by the act of 1862, before alluded to, providing that the signature to the instrument, or to any indorsement thereon, shall be deemed admitted, unless denied under oath by the *party whose signature it purports to be.* The evident purpose of this legislation is to render the note *prima facie* evidence of the genuineness of the signature of the maker and indorser, unless the party whose signature it purports to be will deny it under oath. It would defeat the objects of this statute and restore most of the inconveniences of the common law, to hold that the maker of an instrument, by the *simple denial* of an indorsement or assignment, could compel the plaintiff to prove the signature of the indorser or assignor.

By such a construction, a statute which was evidently intended to enlarge the effect of a written instrument, as a means of evidence, would tend to abridge such effect, as,

under the Revision, the plaintiff was not called upon to prove the signature of an indorser, unless denied by defendant under oath. There is nothing unreasonable or repugnant to natural justice in the doctrine that a written instrument should carry with it the *prima facie* evidence of its own genuineness. To admit the converse doctrine is to indulge a presumption, which the policy of the law forbids, that some one has been guilty of a crime. Of all the written instruments which are made the foundation of legal proceedings, perhaps not one in a thousand is a forgery. Why then should there not be a presumption in favor of that which experience teaches is almost universal? Such a construction of the statute as favors this presumption does no violence to its terms, but, on the contrary, is in harmony with them.

The section reads: "When any action * * * is founded on a written instrument * * * the signature thereto, or to any indorsement thereon, shall be deemed genuine and admitted, unless the party whose signature it purports to be shall deny the same under oath." The section might be paraphrased thus: in every action upon a written instrument, the signature of every party thereto, whether as maker, or indorser, or assignor, which is not denied under oath by the party whose signature it purports to be, shall be deemed genuine and admitted. The construction insisted upon by appellant may be stated thus: in every action upon a written instrument, the signature of the *defendant* shall be deemed admitted, unless denied by him under oath; but the signatures of those not parties to the action, if put in issue by a simple denial, must be proved as at common law. It seems quite apparent that the latter construction gives effect neither to the spirit nor the terms of the statute. In our opinion, a party suing upon a written instrument, the original, or a copy of which, is attached to his pleading, is not required

Robinson v. Lair.

to prove the signature of any person thereto, unless denied by such person under oath.

It follows, from the views above expressed, that the finding of the court, on this question, is correct.

III. It is insisted that the writing on the back of the note, as follows : "For value received, we guarantee the payment of the within note, and hereby waive demand and notice of non-payment," does not amount to an indorsement of the note, and does not express an intention to convey the *title* from payees to plaintiff. We confess ourselves unable to give effect to the contract of guaranty of payment, and waiver of demand and notice, if the payees still intended to retain the title. The writing simply constitutes an indorsement, with an enlarged liability.

*4. Promissory note: indorsement.*

IV. It is further claimed, that the plaintiff is not a holder of the note for value, and that hence it is subject to all the equities existing between the maker and the payees. The plaintiff received the note to apply on an account existing between him and the indorsees. We do not understand appellant to insist that a note indorsed before maturity, and in good faith applied in payment of an account held against the indorsee, is liable to the equities existing between the maker and the payee. His position we understand to be, that the evidence does not show a balance of account in favor of plaintiff at the time of the indorsement. The deposition of plaintiff was taken on the 29th day of January, 1870, and, as to this branch of the case, is as follows: "There is an unsettled account between Warder, Mitchell & Co. and myself, in which they are still owing me some yet. About the 1st day of August, 1868, they sent me the note, and asked me to give them credit for it. I did not purchase it. It was sent to me to apply on the unsettled account between us. I credited the amount of the note on the account of Warder, Mitchell & Co."

*5. —— latent equities.*

Robinson v. Lair.

It is claimed that, while the evidence shows the state of the accounts when the deposition was taken, January, 1870, it does not show their condition when the indorsement was made. It seems to us, however, that, if the payees of the note, in August, 1868, sent the same to plaintiffs to *apply on an unsettled account between them,* and asked credit therefor, which was given, and in January, 1870, were *still owing* the plaintiff, the court was fully justified in finding the balance in favor of plaintiff at the time of the indorsement.

Stress is placed by appellant upon the statement of plaintiff that he did not purchase the note. What amounts to a purchase is a mixed question of fact and law, and, notwithstanding the statement of plaintiff, the facts detailed by him amount, in law, to a purchase.

V. Lastly, it is claimed that the judgment is for too much. The note provided that it should draw interest at the rate of ten per cent, if, when due, it was at a place named, and was not paid. No proof was introduced of its presentation at the place specified. It is claimed that the recovery of the interest thereon cannot exceed six per cent. The American doctrine is, that, where a note is payable at a given place, the maker can exonerate himself from the payment of interest only by showing that he had funds at the place for the discharge of the note. Story on Prom. Notes, § 228.

Affirmed.