## Logan *versus* Cassell.

Where the payee of a promissory note, endorses it to a third party as security for a loan, and subsequently pays the loan, the holder may sue for himself, or as trustee for the payee, and recover on the note from the maker, unless the latter is thereby deprived of some equitable defence which he may have had as against the payee.

January 9th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1878, No. 105.

Assumpsit by William Logan against J. H. Cassell on two promissory notes made by the defendant to the order of R. Conner, and endorsed by the latter.

The action was brought before an alderman, who gave judgment for the plaintiffs, when defendant appealed to the Court of Common Pleas.

At the trial, before Finletter, J., William Logan, the plaintiff, produced and gave in evidence two promissory notes, each for $39.33, of which the defendant was the maker, dated June 16th 1873, payable ninety days and six months, after date, respectively, to the order of R. Conner, and by the said payee endorsed in blank.

The defendant called the payee, who testified that at the time the notes were transferred, he was employed by the plaintiff to sell goods, and was to receive a portion of the profits for his services. That he desired to obtain a loan of $50 from the plaintiff, and that upon the loan being made, he transferred the said notes to the plaintiff as collateral security for the said loan. That the loan had been repaid by his commission or share of the profits and a cash payment af $10. He further said, that he also, after the notes were due, in company with the maker, tendered the plaintiff a roll of notes, and told him he would pay him what he owed him, and demanded the return of the said promissory notes, which the plaintiff refused to surrender. No exact sum was offered. That he afterwards settled with the defendant and gave him a receipt in full.

The defendant was also called, and testified that the payee tendered the roll of notes and demanded the promissory notes, both of which were refused, and that he, the defendant, afterwards made a

[Logan v. Cassell.]

settlement with the payee and took his receipt in full for the said promissory notes.

The plaintiff, in rebuttal, testified that the promissory notes were not given as collateral security, but that they were purchased by him. That the payee had not paid the $50 by commissions, nor in any other way. He also said that the roll of notes, as testified to by the payee and maker, was never produced before him.

The court charged as follows:

"The question in this case is whether the notes were purchased for $50, or whether they were given and held as collateral security for that sum. [If these notes were purchased, then the plaintiff has a right to recover their full amount.]

"If they were held as collateral, then he is entitled to recover only the amount that he may show to be due upon the original debt."

The verdict and judgment were for defendant, and plaintiff assigned for error the portions of the above charge not enclosed in brackets, and that the court should have directed the jury to find for the plaintiff.

*J. W. Goheen*, for plaintiff in error.—The endorsee of negotiable paper, who takes it as collateral security for a loan or advance of money made to the payee or endorser, at the time of the endorsement, is a bona fide holder for value of the note: Kirkpatrick *v.* Muirhead, 4 Harris 117; Work *v.* Kase, 10 Casey 141; Depeau *v.* Waddington, 6 Whart. 220: Struthers *v.* Kendall, 5 Wright 215; Ege *v.* Kyle, 2 Watts 222; Louisiana State Bank *v.* Gaienne, 21 La. Ann. 555; American Leading Cases, vol. 2, p. 234. A "bona fide holder for value" is a "purchaser." The two terms used in connection with negotiable paper, are synonymous: Lyon *v.* Ewing, 17 Wis. 62; Curtis *v.* Mohr, 18 Id. 619; Struthers *v.* Kendall, 5 Wright 215, 228; Pars. on Notes, vol. 1, p. 220; Daniel on Negotiable Instruments, ch. 24, p. 576; Byles on Bills 159, 162, 163, 287, 385; Collins *v.* Martin, 1 Bos. & Pull. 651. The plaintiff being a bona fide holder for value, or purchaser of the notes, held them free from any subsisting equities between the original parties at the time of transfer: Bullock *v.* Wilcox, 7 Watts 328; Munn *v.* McDonald, 10 Id. 270; Pars. on Notes, vol. 1, p. 224; Wilkinson *v.* Nicklin, 2 Dall. 396; Byles on Bills 154. Recent decisions have made Appleton *v.* Donaldson a doubtful authority: Cummings *v.* Boyd, 2 Norris 373.

*John Dolman*, for defendant in error.—The verdict of the jury has established the following facts: The payee endorsed the notes to plaintiff as collateral security for a debt. The endorser afterwards paid plaintiff the debt in full. The debt for which they were pledged having been paid, and the notes coming due, the payee

7 Norris—19

demanded the notes and tendered to plaintiff whatever might be due him. That plaintiff having been paid in full, and refusing to return the notes to Conner, to whom they belonged, the maker, Cassell, considering Conner as the equitable holder and owner of the notes, paid him in full the amount of said notes, and took his receipt in full therefor; so that everybody connected with the notes is paid in full. Appleton v. Donaldson, *supra*, is directly in point.

Mr. Justice MERCUR delivered the opinion of the court, January 27th 1879.

This action was by the endorsee against the maker of two promissory notes. They were duly executed and delivered by the defendant to the payee for a valuable consideration. No subsequent failure of consideration is alleged. They were endorsed and delivered by the payee to the plaintiff, in consideration of money received from the latter at the time of the transfer and delivery. It is conceded that they were unpaid at that time, and that the defendant then had no defence against them.

One contention on the trial was whether the plaintiff purchased the notes of the payee, or whether they were transferred to him as collateral security only, for the payment of money he then advanced. In either case the plaintiff acquired the possession of them in good faith, and for a valuable consideration paid at the time.

Evidence was given tending to show that after the notes matured in the hands of the plaintiff, the defendant, with knowledge that the plaintiff held, and claimed to own them, settled with the payee and took his receipt in payment thereof. In the hurry of trial, the learned judge appears to have overlooked the effect of this alleged payment by the maker, and failed to submit the question to the jury. It is true the court charged that if the plaintiff purchased the notes he could recover their full amount; but if he held them as collateral he could recover only the amount due him on the original debt. So far as this goes it was correct under the authority of Appleton v. Donaldson, 3 Barr 381. But those two questions both found against the plaintiff were insufficient to defeat a recovery against the defendant. The plaintiff having obtained the notes in good faith he might maintain an action on them in his own name, although the right of property therein had again passed to the payee. Whether the plaintiff sued for himself, or as trustee for the payee, constituted no defence for the maker, unless he was thereby deprived of some equitable defence which he may have had as against the payee: 2 Pars. on Notes and Bills 437; Whiteford v. Burckmyer, 1 Gill. 127; Mauran v. Lamb, 7 Cowen 174; Dean v. Hewit, 5 Wend. 257; Brown v. Clark, 2 Harris 469; Pearce v. Austin, 4 Whart. 489; Holmes v. Paul, 6 Am. Law Reg. 482; Ballentine v. McGeagh, 4 Brewst. 95; Way v. Richardson, 3 Gray 412. Hence, although the notes were taken by the plaintiff as col-

[Logan *v.* Cassell.]

lateral, and he had been fully paid the debt for which they were pledged, so that he had no right of property therein as against the payee; yet, still the plaintiff was entitled to recover unless the defendant had fully paid them to the payee. It therefore follows the learned judge erred in instructing the jury, that if the notes were held as collateral, the plaintiff could recover only the amount he showed to be due on the original debt, without adding that they must also find the defendant had paid the excess, due from him on the notes, to the payee.

Judgment reversed, and a *venire facias de novo* awarded.