GEORGE GREEN v. CHARLES E. BURROWS ET AL.

*Promissory notes—Guaranty of payment.*

A note payable to order was indorsed by the payees with a guaranty of payment without protest. Such a guaranty is negotiable by the statutes of this State. Comp. L. § 1564.

A guaranty of payment indorsed on a note by one to whose order it is payable is both a guaranty and an indorsement, and the note will thereafter pass by mere delivery. And to a suit against the maker the indorser may be joined as a defendant by the force of the statute. Comp. L. § 5776.

Error to Muskegon. Submitted Oct. 5. Decided Oct. 19.

ASSUMPSIT. Plaintiff brings error. Reversed.

*L. N. Keating* for plaintiff in error. A guaranty of payment gives negotiability: *Waldron v. Harring* 28 Mich. 493, overruling *Tinker v. McCauley* 3 Mich. 188; *Myrick v. Hasey* 27 Me. 9; *Bank v. Carpenter* 41 Ia. 518; *Heaton v. Hulbert* 4 Ill. 489; *Childs v. Davidson* 38 Ill. 438; *Claflin v. Ostrom* 54 N. Y. 581; *Cooper v. Dedrick* 22 Barb. 516; *Watson v. McLaren* 19 Wend. 557.

*F. W. Cook* for defendant in error. A note payable to order cannot be sued by any one but the payee until it is indorsed: *Redmond v. Stansbury* 24 Mich. 445; *Robinson v. Wilkinson* 38 Mich. 299.

COOLEY, J. This is a suit against Robert Pierson, Charles E. Burrows and Frank E. Jones upon the following instrument:

" $250.78.     WHITEHALL, MICH., May 20, 1875.
" Sixty days after date I promise to pay to the order of Burrows & Jones two hundred and fifty and $\frac{78}{100}$ths dollars at Lumberman's State Bank, Whitehall, Mich., for value received with interest after due at ten per cent. per annum.
ROBERT PIERSON."

Upon the back of this instrument was indorsed the following: " We guaranty payment of the within note at maturity without protest. BURROWS & JONES." The evidence showed that this guaranty was indorsed immediately on the making of the note, by the payees mentioned therein, on a sale thereof to the Lumberman's Bank. The bank subsequently sold the note to the plaintiff, who brought suit, uniting therein the maker and the guarantors.

Our statute provides that " the guaranty of the payment or of the collection of any promissory note shall hereafter be negotiable, and shall pass to the holder of the note, whether indorsed thereon, or written or printed upon a separate paper; and the assignment, indorsement, or transfer of any promissory note, the payment or collection of which shall have been guarantied, shall operate as, and be an assignment of, all guaranties of any such note; and the holder of such note may maintain an action upon any and all such guaranties, in his own name, subject to all equities existing between the guarantor and the person to whom such guaranty was made." Comp. L. § 1564.

The bank after selling to the plaintiff executed to him a written assignment, but this was not important. *Waldron v. Harring* 28 Mich. 493. The guaranty was an indorsement as well; and the note after the indorsement would

pass by mere delivery. A joint suit against all the parties is expressly authorized by the statute. Comp. L. § 5776.

The circuit court held the action not maintainable. This was error, and the judgment must be reversed with costs and a new trial granted.

The other Justices concurred.