The State National Bank, appellant, v. John Haylen et al., appellees.

Negotiable Instruments. The possession by the plaintiff of a negotiable promissory note maturing January 1, 1881, executed by the defendants, payable to the order of T. P. K., with the following words written on the back, "collection guaranteed and notice of protest waived this 26th of April, 1880. [Signed] T. P. K.," is evidence of title to such note in the plaintiff, and of its receipt of the same before maturity, for value, in the due course of business and without notice of infirmity.

APPEAL from the district court of Lancaster county in an action for the foreclosure of a mortgage given to secure a negotiable promissory note signed by defendants, payable to the order of Thomas P. Kennard, and by him indorsed in the manner stated in the opinion. The petition of plain-

tiff alleged *inter alia* that, " on the 26th day of April, 1880, said Thomas P. Kennard, for a valuable consideration, assigned said note and mortgage and the money due thereon to plaintiff." Defendants, in and by their separate answers, set up usury, fraud, etc., and denied the assignment to plaintiff, etc. Plaintiff replied, alleging purchase in good faith before maturity, for value, without notice of any equity. Judgment below before POUND, J., for defendants, and plaintiff appeals.

*A. G. Scott,* for appellant, cited : *Heard v. Dubuque County Bank,* 8 Neb., 10. *Robinson v. Lain,* 31 Iowa, 9. 2 *Daniels Neg. Instr.,* § 1781. *Upham v. Prince,* 12 Mass., 15.

*J. H. Foxworthy* and *J. C. Crooker,* for appellees, cited : 1 Daniels, §§ 666, 667. 2 Id., §§ 1752–1754. *McCunn v. Corby,* 11 Kan., 465. Story on Notes, § 120. *Tappan v. Ely,* 15 Wend., 364. *Dyer v. Gibson,* 16 Wis., 580. *Lancaster Bank v. Taylor,* 100 Mass., 18, 22. *Van Eman v. Stanchfield,* 10 Minn., 255. *Allum v. Perry,* 68 Maine, 232. *Matteson v. Morris,* 40 Mich., 52.

COBB, J.

There is no question made in the evidence of the plaintiff bank being the *bona fide* owner and holder of the note and mortgage, nor that it received the same before maturity in the ordinary course of business and without notice of any infirmity. Such ownership and purchase of the note and mortgage by the bank is placed beyond doubt by the testimony of its president. But the district court let in the defense of usury for the reason, as is stated in the judgment, "it (the plaintiff) holds the same" (the note) "as assignee, and not as endorsee." The writing on the back of the note given in evidence is as follows: "Collection guaranteed and notice of protest waived this 26th

33

of April, 1880, Thomas P. Kennard." This is exactly the form of endorsement which in *Heard v. Dubuque County Bank,* 8 Neb., 10, we held, following *Robinson v. Lain,* 31 Iowa, 9, to constitute an endorsement with an enlarged liability. There is no doubt a line of cases, many of them cited by counsel for appellees in this case, which hold to the contrary, but I cannot agree with their reasoning, however high their authority. It will be admitted that the possession of the note, with the payee's name written across the back, is evidence of ownership in the plaintiff. · Yet it is claimed that while this would be the case if the payee's name stood alone on the back of the note, that here there are other words over the payee's signature to which it applies and upon which it has spent its force. Let us admit this, and then see whether the words taken together, including the signature, do not furnish still stronger evidence of a transfer of title in the note from the payee to the holder. By virtue of these words the payee agrees that he will pay the note in case of the holders using due diligence and being unable to collect it from the makers. He furthermore agrees that his ultimate liability to pay the note shall not be affected by reason of the neglect or failure of the holder to present it to the maker at maturity for payment, or to notify him, the payee, in case of its non-payment. Now what meaning could any of these words have except upon the proposition understood that the payee had disposed of the note, and parted with the title to it to some other person, to whom he guaranteed the payment and in whose favor he waived the duty of presentation and notice? With that proposition understood the words have the meaning usually ascribed to them, otherwise they have none.

Again, I think there can be no doubt of the right of the holder of this note to erase all of the words written above the signature of the payee on the back of the note, and either let it stand as a blank endorsement or to write there-

on the necessary words to make it a full or special indorsement. See 1 Daniels on Neg. Inst., § 672, *et seq.* It seems to me, then, that the possession of a negotiable promissory note, with the payee's name written across the back, is none the less evidence of the ownership of such note by reason of the endorser having also written a guaranty of collection and a waiver of protest upon said note and above his endorsement. Both of these are always for the benefit of the holder, and are concessions to him by the payee of the note when in the act of parting with the possession and title of the note to him, and for some consideration moving from him.

I therefore see no reason for departing from the doctrine of *Heard v. Dubuque County Bank,* and it will be adhered to. The note and mortgage having been endorsed and delivered to the plaintiff before maturity, and received by it for value in the ordinary course of business, without notice of any infirmity, it holds the same free from the taint of usury. All of the other issues in the case being found by the district court in favor of the plaintiff, it was entitled to a judgment for the full amount of the note and interest as claimed in the petition.

The judgment of the district court is therefore reversed, and the cause remanded to said court with the direction to enter a judgment in favor of the plaintiff for the full amount of principal and interest according to the terms of said note.

JUDGMENT ACCORDINGLY.