RUSSELL & COMPANY v. MARY A. KLINK.

53  161
97  297

*Negotiable paper—Guaranty of collection—Discounts.*

1. A guaranty of collection indorsed by the payees of a note passes the title thereto.

2. Where the face of a note is cut down by way of recoupment the deduction is not to be regarded as a payment, but as so much taken from the face of the note, and a discount is not to be allowed thereon under an agreement for such discount upon sums paid before maturity.

Error to Lenawee.  (Howell, J.)  Feb. 7.—March 6.

ASSUMPSIT.  Defendant brings error.  Affirmed.

*H. C. Pratt* and *Bean & Underwood* for appellant.

*D. B. Morgan* and *Millard, Weaver & Weaver* for appellee.

CHAMPLIN, J.   Action was brought before a justice of the peace by plaintiff, as a corporation, to recover from the defendant a balance claimed to be due on a promissory note which, with the endorsements thereon, are as follows :

" $460.00.                    WESTON, MICH., Sept. 6, 1879.
On or before the first day of December, 1881, for value received, we, or either of us, promise to pay to the order of Arbuckle & Ryan, Toledo, Ohio, four hundred and sixty dollars, payable at C. C. Wakefield & Co.'s Bank, Morenci, Mich., with interest, and if not paid when due, at eight per cent. per annum from maturity, payable annually, until paid.

The drawers and endorsers severally waive presentment for payment, protest, and notice of non-payment of this note.

MARY A. KLINK."

On the back of said note was the following endorsement, viz. :

" $288.22.   Paid November 29, 1881, two hundred eighty-eight and 22-100 dollars."

Also the following :

" On all sums paid hereon before maturity, a discount at the rate of seven per cent. per annum shall be allowed from the time of such payment until maturity hereof.

*Dated September* 12th, 1879.

ARBUCKLE & RYAN,
D. B. MORGAN, their Attorney.
MARY A. KLINK,
H. C. PRATT, her Attorney."

Also the following :

" By virtue of an article of arbitration, executed Sept. 8, 1879, by Arbuckle & Ryan and Mary A. Klink, submitted to me as arbitrator, I do hereby find that the sum of one hundred and eighty dollars and thirty-two cents ($180.32) should be, and said sum is hereby endorsed by me, in reduction of the principal sum of said note.

*Dated September* 12th, 1879.

EDWIN HADLEY, Arbitrator."

Also the following :

" For value received, we guarantee the collection of the within note, to Russell & Co. or order, and waive protest, demand, and notice of non-payment thereon.

ARBUCKLE & RYAN."

At the time of joining issue, this note, as it appears above, was filed with the justice and declared upon orally.   Defendant pleaded orally the general issue and gave notice of recoupment.

The cause was tried before a jury and judgment rendered for the plaintiff, from which a general appeal was taken to the circuit court for the county of Lenawee, where the case was again tried upon the issue as framed, and judgment

being rendered for the plaintiff, defendant brings the case here for review on writ of error.

There was evidence introduced tending to prove that the plaintiff had acted as a corporation, and also tending to prove the signatures of Arbuckle & Ryan to the guaranty endorsed upon the note, and, after making proof of the balance claimed by the plaintiff to be due, and that the $180.32 endorsed by the arbitrator arose out of a claim for damages made by defendant on account of the machine for which the note was given not having been delivered as soon as the contract called for, the plaintiff rested. No testimony was offered by defendant.

The defendant insists that the guaranty endorsed on the back of the note signed by Arbuckle & Ryan did not pass the title to the note to Russell & Co. It was held otherwise by this Court in the case of *Green v. Burrows* 47 Mich. 70. The only other contention is that defendant should have been allowed a discount of seven per cent. on the $180.32 endorsed by the arbitrator, in reduction of the principal sum, as payment made under the agreement endorsed on the note. The circuit judge held that it was not to be regarded as a payment, but as so much stricken from the face of the note, in which we entirely agree.

The judgment of the circuit court is affirmed.

The other Justices concurred.