## McPherson National Bank v. Habbe Velde et al., Surviving Partners, etc.

1. *Promissory notes—Indorsement and Guaranty.*—The following indorsement upon a promissory note—" for value received —— guarantee the payment of the within note at maturity," made by the payee thereof before maturity, and prior to the delivery of the note to a third person, operates as an assignment as well as a guaranty, and is enforceable in favor of any legal holder of the note.

2. *Promissory Notes—Restrictive Indorsements.*—The holder of a promissory note made the following indorsement thereon, viz., "Pay W. H. C., cash, or order for collection, and return," and sent it to the bank of which W. H. C. was cashier, for collection. A few days later the holders received from the bank, the following, viz.: * * * "We enclose our draft, $395.97, in payment of coll. No. 8943, on Bonney, sent us July 22. This includes face and interest at 8 per cent, less our charges of $1.00. Don't release chattel mortgage, as we still hold the note unpaid. By mistake our collection clerk left the coll. off the protest list, and it was not protested, but I think the security is ample to pay the obligation." *It was held* that the indorsement by the holder to the bank was restrictive, and was for collection merely, but that the action of the bank and the statement in its letter, when assented to by the acquiescence of the holder, amounted to a purchase of the paper and gave the bank all the rights of a general holder, including the right to enforce the guaranty. The restrictive indorsement may be treated as stricken out, and the bank regarded as any other holder under an indorsement in blank.

**Memorandum.**—Action of appeal from a judgment rendered by the Circuit Court of Tazewell County; the Hon. NATHANIEL W. GREEN, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed March 6, 1893.

The opinion of the court states the case.

APPELLANT'S BRIEF, McLAUGHLIN & W. S. KELLOGG, ATTORNEYS.

The note being unpaid and belonging to the plaintiff, the contract of the guarantors was still in force, and they were liable to the plaintiff as the legal holder of the note. We refer the court to the case of Ketchum v. Duncan et al., 96 U. S. 659, 675, as sustaining this position, which we take to be the vital point in the case, and upon which defendants rely.

As to the nature of the contract of guaranty, see Gage v. Nat. Bank of Chicago, 79 Ill. 62. The contract of guaranty on note continues in full force so long as the note has life and vitality. Parkhurst v. Vail, 73 Ill. 343. Where the payee of a note indorses upon it, "I guarantee the payment of the within note," that will operate also as an assignment of the instrument. Childs v. Davidson, 38 Ill. 437; cites and approves, Heaton v. Hulbert, 3 Scam. 489, and Judson v. Gookwin, 37 Ill. 286. See also leading cases on Bills of Exchange and Promissory Notes, by Redfield and Bigelow, p. 111, note under case of Brown v. Butchers and Drovers' Bank, citing Partridge v. Davis, 20 Vt. 499, and Leggett v. Raymond, 6 Hill, 639.

The indorsement for collection merely, and for no other purpose, does not transfer title. Best v. Nokomis Natl. Bank, 76 Ill. 610.

Plaintiff may strike out a blank indorsement upon a promissory note payable to order on trial of suit brought on note. Parks v. Brown, 16 Ill. 454, and note. The note being indorsed in blank passed by mere delivery and the holder had a right to demand payment, or to make it payable to himself. Palmer v. Marshall, 60 Ill. 290.

And a holder of a note may always strike out a special indorsement and bring suit under a blank indorsement. 2 Daniel's Neg. Inst. 233 and 234, Sec. 1198.

WM. DON MAUS, attorney for appellees.

OPINION OF THE COURT, WALL, J.

On the 21st of February, 1891, B. S. Bonney, of McPherson, Kan., made and delivered his promissory note to the appellees by which he promised to pay to them, by their firm name of "Pekin Plow Co.," the sum of $281.72 on the 1st of August following. Before maturity the appellee placed the following indorsement on the note: " For value received  *  *  *  guarantee the payment of the within note at maturity. Pekin Plow Co.," and discounted the note with Teis, Smith & Co., bankers of Pekin, Ill. These bankers then sent the note to the appellant bank with the following indorsement: "Pay W. H. Cottingham, cash, or order for collection, and return." On the 24th of August, 1891 Teis, Smith & Co. received from appellant bank a draft for the amount of note and interest, less charges, one dollar. The letter inclosing the draft read as follows:

"We enclose our draft, $395.97, in payment of coll. No. 8943, on Bonney, sent us July 22. This includes face and interest at 8 per cent, less our charges of $1.00. Don't release chattel mortgage, as we still hold the note unpaid; by mistake our collection clerk left the coll. off the protest list, and it was not protested, but I think the security is ample to pay the obligation. I remain very resp'y, Elmer Williams, Cash'r."

Teis, Smith & Co. appropriated the proceeds of the draft, made no response to the letter and took no further action in regard to the matter. In August, 1892, the appellant bank brought the present action against the appellees to recover the amount of said note on said guaranty. The case was tried before the court without a jury, and judgment was rendered for the appellees.

The indorsement by the appellees operated as an assignment as well as a guaranty. Heaton v. Hurlbert, 3 Scam. 489; Childs v. Davidson, 38 Ill. 437.

The guaranty was enforceable in favor of any legal holder of the note. The undertaking was absolute and unconditional.

The indorsement by Teis, Smith & Co., to the appellant, was restrictive, and was for collection merely. The action

of appellant and the statement in their letter, when assented to by the acquiescence of Teis, Smith & Co., amounted in effect to a purchase of the paper, and gave appellant all the rights of a general holder, including the right to enforce the guaranty.

There can be no other meaning attached to the action of the parties. The restrictive indorsement may be treated as stricken out, and the appellant may be regarded as any other holder under an indorsement in blank. It was unnecessary to fill the blank, for the mere act of suing upon it by the holder shows his intention to treat the indorsement as made to himself. Daniel on Negotiable Inst., Sec. 1194–8; Palmer v. Marshall, 60 Ill. 290.

The question is as to the effect of the transaction between Teis, Smith & Co. and the appellant. In our opinion the result was to invest the latter with all the rights of the former. If this is the correct view of the matter, the appellant was entitled to a recovery.

The judgment will be reversed and the cause remanded.