### McNARY et al. v. FARMERS' NAT. BANK.

No. 900.   Opinion Filed May 14, 1912.

(124 Pac. 286.)

1.   **BILLS AND NOTES** — Indorsement — **Sufficiency.** An indorsement on the back of a nonnegotiable promissory note, which reads: ''For value received I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of ——— per cent. per annum until paid. Waiving demand, notice of nonpayment and protest, as collateral''—signed by the payee, is sufficient to pass the title to the paper.

2.   **PLEDGES**—Assignment of Note as Collateral—Action by Pledgee. Where the payee of a nonnegotiable promissory note assigns it to a third party as security for a loan, and pays the loan pending suit on the collateral, the holder may nevertheless recover on the collateral note from the maker, unless the latter is thereby deprived of some equity which he may have had against the payee.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*A. H. Huston, Assigned Judge.*

Action by the Farmers' National Bank against W. H. Mc-
Nary and T. J. Folwell. Judgment for plaintiff, and defendants
bring error. Affirmed.

*T. G. Cutlip* and *McLain Taylor,* for plaintiffs in error.

*Blakeney & Maxey,* for defendant in error.

TURNER, C. J. This is an action originally brought by
the Farmers' National Bank of Tecumseh, defendant in error,
against W. H. McNary and T. J. Folwell, plaintiffs in error, in
the probate court of Pottawatomie county, on two certain promis-
sory notes of $150 each, dated March 15, 1905, and made ex-
hibits to the petition. Both were signed by defendants and made
payable to M. H. Tennison, or order, on July 1, and August 1,
1905, who indorsed them to plaintiff thus:

"For value received I hereby guarantee the payment of the
within note at maturity, or at any time thereafter, with interest
at the rate of———per cent. per annum until paid. Waiving
demand, notice of nonpayment and protest, as collateral.
[Signed] M. H. Tennison."

For answer Folwell, after general denial, admitted the exe-
cution of the notes and that they were indorsed as stated, but
denied plaintiff to be the owner thereof. For answer McNary
pleaded, among other things, a general denial. After reply filed,
there was a trial to a jury and judgment for plaintiff in said
court, and also, on trial anew, in the district court, to which the
cause was appealed, and defendants bring the case here. To
maintain the issues on its part, plaintiff proved by Tennison, the
payee in the notes, that, before maturity and to secure present
indebtedness and future advances, he had pledged said notes, then
signed only by McNary, to the bank as collateral after indors-
ing them, presumably as stated in the petition, after which, for
value, Folwell assumed their payment and signed them as prin-
cipal, making McNary surety; and that the same were due and
unpaid. On cross-examination he testified that at the time this

suit was brought the bank had possession of the notes, but that at the time the witness was testifying the bank was not the owner or holder therefor, for the reason that pending the suit he (Tennison) had paid off his indebtedness to the bank for which the notes were pledged, whereupon they were delivered to him by the bank, and "that they were lost, I suppose in the court here; I don't know where they are"—and rested, whereupon defendants demurred to the evidence, which was overruled, after which both sides introduced other and additional evidence. When this is the state of the record, if, considering all the evidence, insufficient evidence was introduced to make out a case for plaintiff, the court erred in overruling said demurrer; otherwise not. *Meyer et al. v. White,* 27 Okla. 400, 112 Pac. 1005. Relying on *Doughty v. Funk,* 24 Okla. 312, 103 Pac. 634, where we said, in effect, that a failure by plaintiff to produce and introduce in evidence the notes sued on was fatal to a recovery, we are urged by defendants to sustain their demurrer because, they say, the notes sued on were not introduced in evidence, and hence there was not sufficient legal evidence upon which to predicate the judgment complained of. But after careful inspection of the record, we cannot say the notes were not in evidence. This for the reason that on page 100 and 101 of the record counsel for defendants offered copies thereof found among the files, whereupon the court said: "That is all part of the files in the case. Is there anything further, gentlemen?" Whereupon counsel for plaintiff said: "Yes, sir; I want to offer again the petition" (attached to which were copies of the notes and indorsements thereon). Whereupon the court said: "Well, they were offered, and they were all admitted in evidence." Showing that after being offered by both sides the cause was tried upon the theory that they were in, and as the court considered them in evidence when he passed upon this demurrer, we will do likewise.

Further in support of their demurrer, defendants contend that the bank is not the owner of the notes, and therefore not the real party in interest, because, they say, the indorsement on the notes was legally insufficient to carry the title thereto from

Tennison to the bank. Not so. Precisely this contention was raised in *Robinson v. Lair,* 31 Iowa, 9. The court said:

"It is insisted that the writing on the back of the note, as follows: 'For value received, we guarantee the payment of the within note, and hereby waive demand, and notice of nonpayment'—does not amount to an indorsement of the note, and does not express an intention to convey the title from payees to plaintiff. We confess ourselves unable to give effect to the contract of guaranty of payment, and waiver of demand and notice, if the payees still intend to retain the title. The writing simply constitutes an indorsement, with an enlarged liability."

In *Kellogg v. Douglas Co. Bank,* 58 Kan. 43, 48 Pac. 587, 62 Am. St. Rep. 596, the indorsement read:

"For value received we hereby guarantee payment of within note at maturity, waiving demand, protest, and notice of protest. [Signed] M. D. Ewing, Cashier."

The court said:

"The indorsement to the Chemical National Bank was sufficient, it was placed on the back of the note, and, while it was a guaranty of payment, it was also an indorsement of the note. The guaranty itself would be senseless and wholly inoperative, unless the note was transferred by the payee to a third party. Such indorsements are not at all uncommon. * * * This was both a guaranty and an indorsement, which passed a full title to the note. 2 Daniel on Negotiable Instruments (4th Ed.) 1781; *Robinson v. Lair,* 31 Iowa, 9; *Heard v. Dubuque County Bank,* 8 Neb. 10 [30 Am. Rep. 811]."

See, also, *Judson v. Gookwin,* 37 Ill. 286; *Russell & Co. v. Klink,* 53 Mich. 161, 18 N. W. 627; *National Bank v. Haylen et al.,* 14 Neb. 480, 16 N. W. 754; *Mullen v. Jones,* 102 Minn. 72, 112 N. W. 1048; *German American Savings Bank v. Hanna, Ex., et al.,* 124 Iowa, 374, 100 N. W. 57; *Dunham v. Peterson et al.,* 5 N. D. 414, 67 N. W. 293, 36 L. R. A. 232, 57 Am. St. Rep. 556; *Elgin City, etc., v. Zelch,* 57 Minn. 487, 59 N. W. 544; *Childs, Junior, v. Davidson,* 38 Ill. 437; *South Bend Iron Works v. Paddock,* 37 Kan. 510, 15 Pac. 574; *Pattee Plow Co. v. Beard,* 27 Okla. 239, 110 Pac. 752, 4 Am. & Eng. Enc. Law, p. 256; Comp. Laws 1909, sec. 5559.

The notes were originally given by McNary to Tennison in payment for, some ice which was sold, after the pledge of the notes to the bank, by McNary to Folwell, who assumed the debt as stated. Recognizing the doctrine that these notes were pledged by Tennison to the bank as collateral to a debt due the latter and were nonnegotiable and subject to the equities existing between the original parties, the court permitted defendants to plead and introduce testimony resisting payment on the ground that the notes were procured by fraud in the sale of the quantity and quality of the ice. On this issue the jury found in favor of the bank, and upon the refusal of the court to sustain defendants' demurrer to the evidence, returned a verdict for the bank for the full amount of the notes including interest, and that, too, in the face of the uncontradicted testimony that the bank had been paid its debt to secure which the notes were pledged as collateral.

In support of their same assignment, defendants contend that in view of the fact that its debt had been paid, the bank was entitled to recover nothing, and that said motion should have been sustained. Again not so.

*Logan v. Cassell*, 88 Pa. 288, 32 Am. Rep. 453, was assumpsit by Logan against Cassell on two promissory notes made by defendant to the order of one Conner and by him indorsed in blank to the plaintiff as collateral security for a loan. The court said:

"It is true the court charged that, if the plaintiff purchased the notes, he could recover their full amount; but, if he held them as collateral, he could recover only the amount due him on the original debt. So far as this goes, it was correct under the authority of *Appleton v. Donaldson*, 3 Pa. 381. But those two questions both found against the plaintiff were insufficient to defeat a recovery against the defendant. The plaintiff having obtained the notes in good faith, he might maintain an action on them in his own name, although the right of property therein had again passed to the payee. Whether the plaintiff sued for himself, or as trustee for the payee, constituted no defense for the maker, unless he was thereby deprived of some equitable defense which he may have had as against the payee. 2 Pars. on Notes & Bills, 437; *Whitefore v. Burckmyer*, 1 Gill [Md.] 127 [39 Am. Dec. 640]; *Mauran v. Lamb*, 7 Cow. [N. Y.] 174;

*Dean v. Hewitt,* 5 Wend. [N. Y.] 257; *Brown v. Clark,* 14 Pa. 469; *Pearce v. Austin,* 4 Whart. 489 [34 Am. Dec. 523]; *Holmes v. Paul,* 6 Am. Law Reg. 482; *Ballentine v. McGeagh,* 4 Brewst. 96; *Way v. Richardson,* 3 Gray [Mass.] 412, [63 Am. Dec. 760]. Hence, although the notes were taken by the plaintiff as collateral, and he had been fully paid the debt for which they were pledged, so that he had no right of property therein as against the payee; yet, still the plaintiff was entitled to recover unless the defendant had fully paid them to the payee. It therefore follows the learned judge erred in instructing the jury that, if the notes were held as collateral, the plaintiff could recover only the amount he showed to be due on the original debt, without adding that they must also find the defendant had paid the excess due from him on the notes to the payee."

In *Green v. McAuley,* 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308, the court cites this case with approval and in support of the doctrine. 2 Daniel on Neg. Inst., sec. 1192, and 3 Randolf, Com. Paper, sec. 1465.

In *First Nat. Bk. v. Mann,* 94 Tenn. 17, 27 S. W. 1015, 27 L. R. A. 565, the court said:

"There is another feature in the case that it is material to mention. It appears from the proof that pending this litigation the debts due the bank and Wolfe have been paid, for which this note was pledged as collateral, and neither the bank nor Wolfe has now any interest in the recovery. Still, under the law, notwithstanding the principal debt has been paid pending suit on the collateral, such suit may properly continue to judgment, and, if the holder collect the same, he will hold it as trustee for the benefit of the debtor; that is, the owner of the collateral. Jones, Pledges, sec. 664; *Logan v. Cassell,* 88 Pa. 288, 32 Am. Rep. 453. But this is only when the maker will not be thereby deprived of some equitable defense he might have against the payee; or, in other words, the holder can only recover subject to the equities of the maker against the payee. *Logan v. Cassell, supra,* 2 Pars. Notes & B. 437; *Pearce v. Austin,* 4 Whart. 489, 34 Am. Dec. 523."

There was no reason for the suit to abate by the transfer of interest in the note, occasioned by its payment, from the pledgee to Tennison. If by its own vigor it might not of right continue, such it could do by reason of Comp. Laws 1909, sec. 5572; and such was the holding of the court.

As the next error is alleged to be the admission in evidence, over objection, of the record in a certain suit wherein McNary sued Tennison in damages alleging fraud in the sale of this same ice, and wherein it is said he failed to recover, for the reason that said evidence is not attempted to be abstracted, as required by rule of court, we refuse to consider it, especially as an attempt to do so on our part might prove futile, since we are referred to the pages of the record for the record in that case which we find contain no journal entry. Neither, for failure to comply with said rule, will we consider whether the court erred in certain instructions to the jury.

Finding no error, the judgment of the lower court is affirmed.

HAYES and KANE, JJ., concur; WILLIAMS and DUNN, JJ., absent, and not participating.