JOHN O. A. HOUSER, plaintiff in error, *vs.* W. HOUSER & BRONSON, defendants in error.

When a note is placed in the hands of a party as collateral security, the holder thereof has the legal right to maintain a suit thereon in his own name, and to obtain judgment thereon, and if the debt which the note was placed in his hands to secure, is paid after the commencement of the suit on the note, but before judgment thereon, then, if the holder of the collateral note should collect the money due thereon, he would hold the same as a trustee for the benefit of those who are legally or equitably entitled to it. And in this case the Court should have heard the evidence offered in relation to who was entitled to the proceeds of the note when collected, and have instructed the jury as to the law applicable thereto; and it was error to dismiss the plaintiff's action on the statement of facts disclosed in the record.

*Amendments. Partnership.* Before Judge COLE. Houston Superior Court. May Term, 1871.

John O. A. Houser sued Wesley Houser and William Bronson, partners, under the style of W. Houser & Bronson, upon their promissory note, payable to Houser & Bronson, or bearer. Wesley Houser pleaded that he was not indebted in manner and form, etc. When the cause was called for trial, plaintiff's counsel moved to strike said plea, because it did not deny the indebtedness by the firm. The Court allowed the plea amended to make it a plea by the partnership. Plaintiff's counsel then read in evidence the note and rested his cause.

Plaintiff was then introduced and testified as follows: This note was placed in his hands by Bronson, of the firm of Houser & Bronson, with other collaterals, to secure John O. A. Houser for standing the security of Houser & Bronson, on their note, payable to Bryant & Wimberly. This suit was brought, and afterwards Houser & Bronson paid to Bryant & Wimberly the note on which John O. A. Houser stood security, out of the proceeds of the other collaterals; and now John O. A. Houser has no interest in this note, except to account with Houser & Bronson for its proceeds.

Mr. Holtzclaw, an attorney-at-law, testified that Wesley Houser and William Bronson composed the firm of W. Houser & Bronson, partners in farming, and Louis M. Houser and William Bronson were partners in merchandizing, under the firm name of Houser and Bronson; William Bronson handed him this note to secure John O. A. Houser for standing said security. Soon after, plaintiff and Houser & Bronson instructed him to collect this and other collaterals, and to apply the proceeds to the payment of the Bryant & Wimberly note first, and to pay any balance to Houser & Bronson for the creditors of Houser & Bronson. He sued, and pending suit paid Bryant & Wimberly out of the other collaterals. Houser & Bronson are insolvent.

The evidence being concluded, plaintiff's counsel moved to rule out all evidence as to the title of this note, because it was irrelevant as no defense was set up, and because it was based upon matter arising since the suit was brought. The Court overruled the motion. Plaintiff's counsel then moved to amend the petition so as to make it a suit by John O. A. Houser, for the use of Hugh L. Dennard *et al.*, creditors of Houser & Bronson. This motion was overruled. The Court then dismissed the action. It was claimed that the Court erred in refusing to strike said plea and allowing it amended as aforesaid; in refusing to rule out said evidence as to title; in refusing the amendment of the petition, and in dismissing the action.

Houser *vs.* Houser & Bronson.

H. M. HOLTZCLAW; C. C. DUNCAN; NISBETS & JACKSON, for plaintiff in error.

KILLEN & MARTIN; POE, HALL & POE, for defendants. As to amending plea : Revised Code, sections 3429, 3434. Holder of collaterals is purchaser: Revised Code, sections 2711, 2746. When title is inquirable into : Revised Code, section 2747; 1st Kelly, 275, 306; Revised Code, section 2110; 1 Bou. Ins., 1042; Revised Code, sections. 2113, 2114, 2116; 1 Bouv. Inst., secs. 1047, 1049, 1051. William Bronson was, in effect, suing himself: Story on P., secs. 221, 234; 12th John. R., 401; 2 Bos. & Pul., 224 and note. The amendment of petition would have made a new plaintiff: Revised Code, secs. 3430, 3436; 35th Georgia Reports, 267.

WARNER, Judge.

This was an action brought by the plaintiff against the defendants on a promissory note for $2,350 93, payable to Houser & Bronson, or bearer, dated 1st January, 1868, and due one day after date. The defendants, W. Houser & Bronson, pleaded the general issue. On the trial of the case, it appears from the evidence of the plaintiff, who was introduced by the defendants, that the note sued on was placed in the hands of the plaintiff by Bronson, of the firm of Houser & Bronson, together with other notes and accounts, as collateral security, to secure him against loss on a note made by Houser & Bronson for $3,000 00, payable to Bryant & Wimberly, to which the plaintiff was security ; that about nine months after the suit was commenced by the plaintiff against the defendants, the Bryant & Wimberly note was paid off, out of the proceeds of other collaterals, and that now plaintiff had no other interest in the note, except to account to Houser & Bronson for the same, or the proceeds thereof. The plaintiff, in rebuttal, introduced Holtzclaw, who testified that the note sued on was placed in his hands

as an attorney-at-law, by the plaintiff and Bronson, of the firm of Houser & Bronson, to secure the plaintiff against loss as their security on the Bryant & Wimberly note, and it was agreed between plaintiff and Houser & Bronson that this note, with other notes, should be collected by him, and the proceeds applied to the payment, first of the note on which plaintiff was security, and the balance to be returned to Houser & Bronson, for the benefit of their creditors, the firm being insolvent; and that he brought suit on the note in the name of the plaintiff with that understanding. W. Houser, of the firm of Houser & Bronson, is a different man from from the payee of the note, James M. Houser, of the firm of Houser & Bronson, the defendants being a farming firm, and the payees of the note a mercantile firm. Upon this evidence the Court dismissed the plaintiff's action. In our judgment this was error. The plaintiff, at the time of the commencement of his action on the note, had the legal title thereto, and was entitled to recover a judgment thereon against the defendants, the proceeds of which, when collected, he would hold as trustee for those who were legally or equitably entitled to the same. The Court should have submitted the evidence to the jury, and charged them as to the law applicable thereto.

Let the judgment of the Court below be reversed.