67  134
93  483

# Mobile Life Insurance Company *v.* Egger.

*Action on Common Counts, with a Count on a Special Contract.*

1. *Books; statements from, not evidence.*—Statements of a witness, derived, not from personal knowledge of the matters testified about, but from an inspection of the books of an insurance company, are not legal evidence.

2. *Notice to produce papers, insufficient.*—A notice to the plaintiff to produce on the trial letters received in answer to letters written on his behalf by "P.," will not render admissible proof of the contents of letters written *to* "P." This would be to admit secondary evidence of the contents of letters without proof of their loss or destruction, and without any proper predicate for its introduction.

3. *Res inter alios acta; rule applied.*—The amount of money received by an insurance company for a paid-up policy, which another insurance company had bought from the assured, partly for money and partly for other insurance to be taken out in the latter company, is *res inter alios acta*, and furnishes no criterion of the measure of the liability of the latter company, in a suit by the assured, to recover on a failure to issue him a policy, or to pay him the agreed value of the paid-up policy.

4. *Sworn plea; when necessary to let in defense of plaintiff's want of interest.* When a complaint contains a count on a written contract in which the name of the plaintiff appears as one of the parties, there must be a sworn plea interposed denying the interest or ownership of the plaintiff, in order to let in the defense that the plaintiff is not the person really interested.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

This was an action brought by John Egger against the Mobile Life Insurance Company. The complaint contained the common counts, and a special count on a contract between plaintiff and defendant, the terms of which are given below. The defendant pleaded "in short by consent"—1. The general issue; 2. Payment; 3. Set-off. Before the trial the defendant notified plaintiff's attorneys to produce on the trial of the cause the letters received in answer to several letters written by A. C. Pickens. This notice is set out in full in the opinion of the court, and it is not necessary to repeat it here. On the trial the deposition of the plaintiff was read in evidence, and on this he rested his case. He testified that he was insured in the North America Life Insurance Company prior to the 18th of December, 1875; that up to October, 1872, he had a policy on his life for $10,000; he then wrote the company asking them to pay him cash for his policy. The president of the company wrote to him to send his receipts, which he did, and thereupon he received from him

[Mobile Life Ins. Co. v. Egger.]

a paid-up policy for $1,428, without any explanation. In January or February, 1873, he had an interview with the president of the company and again requested him to cash his policy. He was offered about four hundred dollars, which he declined. In the summer of 1873 an agent of the Mobile Life Ins. Co. proposed to buy his policy for $300. He accepted this offer, but the agent wrote to him that there was a note of $100 due by him to the North America Life Ins. Co., which he must be allowed to deduct from the $300. Plaintiff declined to allow this, as he understood the note was settled when he received the paid-up policy for $1,428, in lieu of his policy for $10,000. He had never been informed that this note had not been deducted, and this was the first notice he had ever received of it. In December, 1875, another agent of the Mobile Life Ins. Co., A. C. Pickens, offered to buy his policy and to pay him $300 in cash for it, or to pay him $150 cash and $157.27 as premium on a policy of $2,000, to be taken out by him in the Mobile Life Ins. Co., and if the policy was not granted he would pay him $157 in addition to the cash payment. He accepted this offer, and the agent gave him a receipt, which was as follows, viz : "No. 5. Mobile Life Ins. Co. of Mobile, Ala. Montgomery, Ala., December 18, 1875. Received of John Egger, of Montgomery, State of Alabama, the sum of one hundred and fifty-seven and 27-100 dollars, the first twenty months premium on a policy of $2,000. Applied for through his application to the Mobile Life Insurance Company of this State. The conditions of this receipt are that the said application is subject to acceptance or rejection upon its receipt by said company. If accepted the risk of the policy is binding on the company from the date hereof ; if rejected, then this receipt to be null and void and the policy to have no binding effect on the said company by reason of said application or payment, except that the cash above received shall be refunded, upon the return of the receipt. A. C. Pickens, agent."

The defendant offered in evidence the depositions of C. P. Griffin, G. L. Montague, and H. P. Pierson. Plaintiff objected to the reading of the answers of Griffin and Pierson, to interrogatories which called on them to state what they knew about the note for $100, referred to above, and in answer to which, they stated what appeared on the books of the North America Life Ins. Co., in reference to a note of the same amount and date as the one which was mentioned in the interrogatories, and the court sustained the objection and excluded such anwers, except part of an answer, which stated that this note was paid by the Mobile Life Ins. Co. by deducting the amount thereof, with accrued interest, from

the surrender value of said policy No. 31,788; and about January 13, 1876, at which date said policy was surrendered to the North American Life Ins. Co.; and the said note was then transferred and delivered to the Mobile Life Ins. Co. The court sustained the objections, and defendant excepted. H. M. Friend, a witness for the defendant, and its secretary, testified that in December, 1875, he received an application through A. C. Pickens, an agent for the company, for policy of $2,000 on the life of John Egger, and at the same time received a paid up policy for $1,428 in the North America Life Ins. Co., and a receipt from Leontine Egger, wife of John Egger, surrendering said policy. On the same day he paid a draft drawn on the company by A. C. Pickens in favor of plaintiff Egger for $155; that he forwarded to the North America Life Ins. Co. the paid up policy for $1,428, together with the surrender receipt therefor, and received from the North America Life Ins. Co. the note for $100, with the accrued interest, amounting to $124. Plaintiff's counsel objected to any statement by witness of the amount of cash received by the North America Life Ins. Co. for the policy. The objection was sustained, and defendant thereupon duly excepted. A. C. Pickens testified that in 1875 he was an agent of the Mobile Life Ins. Co. and was authorized by it to buy, or take up paid-up policies in the North America Life Ins. Co., by paying holders of the policies in cash, and giving them insurance in the Mobile Life Ins. Co.; that he went to plaintiff, and having found that the amount due on his paid-up policy as a reserve was about $310, asked him to surrender his policy and make application for a policy for $2,000 in the Mobile Life Ins. Co., telling him if he would do so, that he would pay him $155 in cash, and give him a policy for $2,000 in the Mobile Life Ins. Co., with a receipt for a premium on it for twenty months, if his application should be accepted. This premium amounted to $157.27. Plaintiff accepted this proposition and handed him his paid-up policy and a surrender of it signed by Leontine Egger, in whose favor it was issued. He then paid plaintiff $155 in cash and gave him the binding receipt, (set out above). He sent the policy, the surrender receipt, and the application of plaintiff to H. M. Friend, secretary. He stated, also, that at the time he made this contract he knew nothing of the note for $100 held by the North America Life Ins. Co. against John Egger, who had said nothing to him about the note. Afterwards, on hearing of the note, he offered plaintiff the policy in the Mobile Life Ins. Co. if he would pay the note, which plaintiff declined to do. He then offered to return to plaintiff his paid-up policy in the North America Life Ins.

[Mobile Life Ins. Co. v. Egger.]

Co. if plaintiff would return the binding recept, and the sum of $155, but the plaintiff declined to do so. The defendant requested the court to charge the jury, "that if the surrender value of the paid-up policy in the North America Life Ins. Co., which was surrendered by Leontine Egger to the Mobile Life Ins. Co., was paid by said North America Life Ins. Co. in the State of Alabama, where said J. Egger and Leontine Egger were domiciled, it then became personal property in the State of Alabama, and is governed by the laws of Alabama, and is the statutory separate estate of the said Leontine Egger, and she must sue alone for it, and the plaintiff can not recover in this action. The defendant then asked said Pickens about the letters written in 1876, as stated in the opinion of the court. Plaintiff objected to this question on the ground that proper notice had not been given to produce them. The court sustained the objection, and defendant excepted.

2. If the defendant was legally liable on the binding receipt for the full amount of $2,000 insured therein, and the plaintiff refused to rescind the contract upon application to him for that purpose, then the plaintiff has received full value for his money, and can not recover back the premiums paid for said twenty months of insurance.

3. If the plaintiff J. Egger committed no fraud in his negotiation with the agent, A. C. Pickens, and the contract was fairly made and mutually assented to, by said Pickens acting for the Mobile Life Ins. Co., and said Egger, acting for himself, then said contract was valid, and said Mobile Life Ins. Co. was liable on said binding receipt for the full amount insured thereby during the full period of twenty months. The court, refusing to give these charges, the defendant excepted.

There was a verdict and judgment for the plaintiff. The rulings of the court on the evidence, and the refusal to give the charges requested by defendant, are assigned as error.

TAYLOR AND MACARTNEY, for appellants.

G. L. SMITH and G. F. MOORE, for appellees

STONE, J.—The Circuit Court did not err in suppressing parts of the depositions of the witnesses Griffin and Pierson. The answers suppressed were not given on knowledge, but were simply statements by the witnesses of what the books contain. They are not legal evidence.—*Crawford v. Br. Bank Mobile*, 8 Ala. 79 ; *Weeden, Adm'r Acklen v. Hickman*, at last term.

The defendant had, before the trial, served notice on the plaintiff to produce on the trial "the letters received in answer to several letters written by A. C. Pickens, Esq., for and in behalf of Mr. John Egger to the North America Life Insurance Company of New York, in relation to a note of $100, dated at New York, July 22d, 1878, and payable sixty days after its date to the order of the North America Life Insurance Company. Said letters are not less in number than two, nor more than four, and were written between the dates, January 25th, 1876, and April 1st, 1876." It will be observed that this notice called for the production, not of letters written to the North America Life Insurance Company. The demand was for letters written in reply to such letters. The notice did not call for the production of letters to the North America Life Insurance Company; and if it did, there is neither presumption nor proof that such letters ever went into the hands of Egger, the plaintiff. Pickens was on the stand as a witness, and was asked by defendant "about the contents of certain letters written in the spring of 1876 to the North America Life Insurance Company, in relation to said note of $100 of John Egger." The bill of exceptions then states in parentheses, as follows: "(Which letters were exhibited to, and read by said John Egger before they were mailed, and the answers to which were handed to said John Egger.)" This was an offer to prove the contents, not of the reply letters the notice called for, but of the letters written to the North America Life Insurance Company. This was only secondary evidence of the contents of letters, with no predicate for its introduction, not covered by the notice to produce, and not shown to be material. The letters not being traced to, nor presumed to be in Egger's possession, their production was the highest and best evidence of their contents; and proof of their loss or destruction was a necessary preliminary to all evidence of their contents. In any aspect, this evidence was properly excluded.

The amount of money received on the policy by the defendant company from the New York company, was no proper criterion which defendant could invoke, as defining the measure of its liability to Egger. It was *res inter alios;* and it is not shown Egger had any thing to do with the settlement made. Defendant might accept less than was due, and could not, on that account, hold Egger to account for the deficiency.

The rulings of the court raise no question on the plea of set-off.—Code of 1876, § 2996.

In the complaint in this cause there are common counts, but there is also a special count on what is called the binding

receipt. That receipt is also a contract to repay the money on a certain contingency, which the complaint avers has happened. This receipt and contract is in the name of plaintiff, and purports to be a contract made with him alone. To let in the defense that John Egger, the plaintiff, is not the party really interested in the contract, and therefore not entitled to sue, the defendant must have put in a sworn plea, denying such intent or ownership, under Rule 29, of practice in the Circuit Court. The Circuit Court committed no reversible error in its rulings on John Egger's right to maintain this suit. Whether the money was the statutory separate estate of Mrs. Egger, or not, was wholly immaterial under the pleadings in this cause, and therefore appellant can not complain of the rulings on that question. They did him no injury. The last two charges asked were rightly refused. The Mobile Life Insurance Company bound itself to issue to Mr. Egger a policy for two thousand dollars, or, failing, to refund the money. Refusing to do the former, it bound itself to do the latter.

Affirmed.