# Hanna *v.* Ingram.

### *Action on Promissory Note, by Payees against Makers.*

1. *Who may sue on note; transfer of interest by one of several payees.*
In an action brought by the three payees of a promissory note as
joint plaintiffs, no plea being filed, verified by affidavit, denying the
ownership of the note, evidence can not be received to show that one
of them has transferred his interest in the note; nor could such evi-
dence be received under a sworn plea, when the note is payable in
bank.

2. *Contract for sale of "option" on land, or interest therein.*—A written
contract for the sale and purchase of an "option" on a tract of land at
a specified price, to be exercised within a specified time, is valid and
irrevocable; and a written transfer by the purchaser or holder of the
option, of a specified interest in it, is supported by a valuable and
sufficient consideration, and is not a wagering contract.

3. *Same; failure of consideration, or set-off.*—If the owner of the op-
tion, having transferred an interest therein by valid contract, after-
wards sells the remaining interest, and refuses to account to the first
purchaser for his share of the profits, this does not constitute a failure
of consideration of the note given by him, but might be the subject
of a set-off in an action on the note.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

This action was brought by J. B. Ingram, R. M. Ingram and
J. J. McPherson, as joint plaintiffs, against W. F. Hanna and
E. H. Hanna, and was commenced on the 6th June, 1890. (?)
The action was founded on the defendants' promissory note
for $100, dated November 13th, 1890, payable to plaintiffs, or
order, on the 1st January, 1891, at the Bank of Anniston;
which also contained a stipulation for the payment of an attor-
ney's fee for collection, and a waiver of exemptions of person-
alty.  The note was given on the purchase by the defendants
of a one-sixth interest in an "option" held by the plaintiffs on
a tract of land, called the "Driskell Option," as shown by a
receipt, which was offered in evidence by the defendants, in
these words: "Received Nov. 13, 1890, of W. F. and E. H.
Hanna one hundred dollars in a note, for one-sixth interest in
Driskell's option to us (in Jacksonville) to expire January 1st,
1891." The defendants filed several special pleas, alleging
illegality of consideration, want of consideration, and fail-
ure of consideration; and issue was joined on these several
pleas.

On the trial, as the bill of exceptions shows, the plaintiffs
VOL. 93.

read in evidence the note sued on, and the defendants read the said receipt. "W. F. Hanna testified, that he bought one-sixth interest in said option from J. B. Ingram; that Ingram represented to him that he had sold two shares, of one sixth each, for $100 each; that this representation was an inducement for him to make the purchase and go into the arrangement; that he was to share in all the profits, and be charged with expenses and losses in proportion to one-sixth interest; that in the event the land was not sold, and the parties decided to purchase and hold it, said W. F. and E. H. Hanna were not to furnish any more money, but were to share in the entire profits on sale of the option." "J. B. Ingram testified, that he sold five-sixths of the option for $425; that W. F. and E. H. Hanna were to share in the profits (if any) which grew out of the sale of the option, or of the land covered by it, and were liable for one-sixth of the expense of making sales, surveys, &c.; that if there was a purchase of the land, said Hannas were not to invest any more money, or take any further interest in said land or option; that said note was given for the consideration expressed in the receipt; that no opportunity had occurred to sell the option, and it had expired because the persons who owned it did not feel justified in completing the purchase before 1st January, 1891." The defendants offered to prove, also, that McPherson, one of the plaintiffs, "had sold sold out his interest in said note before the suit was brought;" and they excepted to the exclusion of this evidence.

The case being submitted to the court without a jury, judgment was rendered for the plaintiff; and this judgment is here assigned as error, together with the exclusion of the evidence offered.

E. H. HANNA, for appellants.

CALDWELL & JOHNSTON, contra.

CLOPTON, J.—There is no error in the refusal of the court to permit defendants to prove that McPherson, one of the plaintiffs, had sold his interest in the note sued on, before the suit was commenced. His name appearing as one of the payees, the defense that he is not the party really interested can not be let in, unless there is filed a verified plea denying his interest or ownership.—Mo. Life Ins. Co. v. Egger, 67 Ala. 134. Besides, the note is payable at a bank, and, under section 2594 of the Code, an action thereon must be instituted in the name of the persons having the legal title.

In November, 1890, one Driskell sold to the payees in the

[White v. Levy.]

note, in consideration of one hundred dollars, the right and option to purchase, at any time on or before January 1st, 1891, all or any part of certain described lands, at stated prices, and on specified terms. This was a valid contract, irrevocable by Driskell, and unless shown to be otherwise objectionable, the proper subject of specific performance in a court of equity. *Wilks v. Ga. Pac. R. R. Co.*, 79 Ala. 180. The consideration of the note sued on was one-sixth interest in this option, and is supported by a sufficient consideration. The agreement between the parties was, that defendants were to share, to the extent of their interest, in the profits, if any, accruing from a sale of the land, or of the option itself; and if plaintiffs decided to buy the land to hold, defendants were not to pay any more money. A share of the profits, if the option or the land was sold, was the legal right of defendants, without an express agreement to such effect. Incorporating such a stipulation does not constitute it a wagering contract. There is no element of illegality.

The refusal to account to defendants for the profits, arising from a sale of five-sixths interest in the option, does not constitute a failure of consideration, though it may be the proper subject of a plea of set-off.

The contract between Driskell and the plaintiffs was relevant and admissible under the pleas setting up illegality and failure of consideration.

Affirmed.