Bank v. Mann.

## BANK v. MANN.

### (*Knoxville.* October 30, 1894.)

1. INDORSEMENT OF USURIOUS NOTE. *Its effect.*

   The indorsement of a negotiable note, void upon its face for usury, does not, without more, pass to the indorsee any right to recover of the maker upon the original consideration for which the note was given. (*Post, pp. 21, 22.*)

   Case cited and approved: Ottenheimer v. Cook, 10 Heis., 309.

2. USURY. *Defense of available without pleading, when.*

   ·If usury appears upon the face of the note sued on, it is not essential that the defense shall be made by plea. (*Post, p. 22.*)

   Cases cited: Isler v. Brunson, 6 Hum., 277; Hutchins v. Turner, 8 Hum., 417; Causey v. Yeates, 8 Hum., 608; Thompson v. Collins, 2 Head, 444; Caruthers v. Andrews, 2 Cold., 385; Gill v. Creed, 3 Cold., 298; Thornburg v. Harris, 3 Cold., 172; Cate v. Blair, 6 Cold., 640; Richardson v. Brown, 1 Leg. R., 352.

3. SAME. *Does not exist, when.*

   A note bearing eight per cent. interest, and inadvertently dated and made payable in this State, can be collected in our Courts upon averment and proof that it was actually made in another State where that rate of interest was lawful, and that it was intended to operate under the laws of that State. (*Post, pp. 22–25.*)

4. SAME. *Same.*

   A note bearing eight per cent. interest is not usurious, and may be collected, upon proper averment and proof of the facts,· where it was given for the price of goods purchased on a credit, and this rate of interest was adopted solely as a method of expressing the difference between the cash and credit price of the goods. (*Post, pp. 23, 24.*)

   Cases cited and approved: Garrity v. Cripp, 4 Bax., 86; Brown v. Gardner, 4 Lea, 157; 72 U. S., 509; 6 L. R. A., 427; 1 Metcalf, 663; 22 N. Y., 427.

2—10 p

5. COLLATERAL SECURITY. *Suit by holder not abated by payment of principal debt.*

The holder of a note as collateral security may prosecute his suit thereon to judgment, notwithstanding the payment pending his suit of the principal debt, but his recovery will inure to the benefit of his debtor, and be subject to all equities existing between the latter and the maker of the note. (*Post, pp. 24, 25.*)

Cases cited and approved: 32 Am. Rep., 453: 34 Am. Dec., 523.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. HENRY R. GIBSON, Ch.

JAMES W. CRUMLEY and KIRKPATRICK, WILLIAMS & BOWMAN for Bank.

WILLIAMS, HENDERSON & DAVIS for Mann.

WILKES, J. This is an action upon a note in the following words:

"$2,668. KNOXVILLE, TENN., May 11, 1891.

"Eighteen months after date I promise to pay to the order of R. G. Johnson $2,668.00, at Holston Banking and Trust Company. Value received, with interest at eight per cent. per annum.

"E. B. MANN."

"Indorsed: W. W. AVERY,
"R. G. JOHNSON."

The note was not paid at maturity, and was duly protested and notice given, and the bill is filed against the maker and indorsers by the First National Bank of Johnson City and E. S. Wolfe.

The bill alleges that the note was executed as part of the consideration for a stock of furniture in Asheville, North Carolina, and was indorsed to complainant in due course of trade, for value, and before maturity; that while the note on its face purports to be executed at Knoxville, Tenn., it was in fact executed with reference to the laws of North Carolina, which permit the charge and collection of eight per cent. per annum as interest, and said note was intended to be, and was in fact, a North Carolina contract; that the stock of furniture was sold on terms of part cash and the balance on a credit, and the rate of interest provided for in said note was but a means of compensating for the time granted for the payment of the balance of the purchase price, and was in no sense meant to be a charge for the use of money, and is not in either aspect usurious, but is a property contract.

The bill further alleges that, in addition to the transfer of the note, the claim of Johnson against Mann, based on the original consideration, has been transferred to complainants, and they have been requested to bring the suit by said Johnson.

The prayer is for judgment on the note and eight per cent. interest and protest fees, or, in the alternative, for the amount of the original consideration;

the recovery to go into the hands of the bank, to be disbursed according to the rights of the parties.

The parties were served except Avery, who appears not to have been found, and no further action appears to have been taken as to him.

Johnson answered admitting the execution of the note and the consideration, and that it was a North Carolina contract, and that under the laws of that State eight per cent. was legal interest; that the note was transferred as collateral to Wolfe before maturity, and that the bank had no interest in the note except a right to use its proceeds during certain litigation between Wolfe and Johnson; denies that any claim against Mann on the original consideration had ever been assigned to Wolfe or the bank, and denies that the suit was at his request, and denies all liability.

Mann also answered, and with his answer filed demurrer, assigning as grounds: (1) That the note sued on was usurious and illegal on its face, and could not be enforced; (2) that the note extinguished all prior claims; (3) that the suit was multifarious in seeking to enforce the note, and, at the same time, to set same aside and recover on the original consideration. The demurrer was overruled.

The answer set up, that there had been fraudulent misrepresentations in the original sale as to the stock of merchandise sold; that the trade was actually made in Tennessee, and the notes accidentally executed in North Carolina, but dated and made pay-

able in Tennessee, and for property located in both States; denies that the contract was a North Carolina contract, or intended to be controlled by the interest laws of that State; that the note is illegal because it provides for a usurious rate of interest on its face, and its terms cannot be changed by parol; that the bank held the note as collateral, and subject to all equities between the original parties.

The case proceeded to proof and hearing, when the Chancellor held that complainants, because of insufficiency of interest or title in the note sued on, were not entitled to recover, and dismissed the bill. From this decree complainants appealed, and defendant, Mann, also appealed from the decree of the Chancellor overruling the demurrer, and each appellant has assigned errors.

It further appears in the proof that the complainants, bank and Wolfe, each held this note simply as collateral, and that the debts for which it was held have been wholly paid pending this litigation.

It is evident the complainants must recover upon the note sued on in this case, if they recover at all, as the proof shows conclusively that no assignment of any claim growing out of the original consideration was ever transferred to them; the only transfer made to them or held by them being the note and its indorsements, and there was never any promise to them except as shown by the note. It has been repeatedly held that when a contract is usurious on its face, the payee may sue on the orig-

inal consideration, but an assignee or indorsee cannot recover without an express promise to him. *Ottenheimer* v. *Cook,* 10 Heis., 309.

No recovery can, therefore, be had in this suit against the defendants, unless it can be maintained upon the note and its indorsements.

It is next insisted the note is usurious on its face. If so, there can be no recovery upon it, as the Court will not enforce an illegal contract. *Isler* v. *Brunson,* 6 Hum., 277; *Hutchins* v. *Turner,* 8 Hum., 417; *Causey* v. *Yeates,* 8 Hum., 608; *Thompson* v. *Collins,* 2 Head, 444; *Caruthers* v. *Andrews,* 2 Cold., 385; *Gill* v. *Creed,* 3 Cold., 298; *Thornburg* v. *Harris,* 3 Cold., 172; *Cate* v. *Blair,* 6 Cold., 640; *Richardson* v. *Brown,* 1 Leg. Rep., 352. And this would be so without any plea of usury sworn to, as the defense rests upon the illegality appearing on the face of the instrument, and not as set up by the pleadings or as developed by the proof.

It is insisted, however, in argument that the note is not usurious, because it was executed in North Carolina, where eight per cent. is legal interest. The note appears on its face to be executed at Knoxville, and is shown by the proof and the face of the note, to be payable at Knoxville. It appears that the proposition of sale was submitted to defendant, Mann, in Knoxville, and accepted by him there, and that fact was wired to Johnson, at Asheville. After the invoice was taken at Asheville, the note

was executed at that place, and delivered at that place, upon a blank used in the Knoxville business, the parties having been interested in a business conducted both at Knoxville and at Asheville.

It is also contended that the contract is a property contract, and the rate of interest was part of the purchase consideration given for the property, and was not for a loan of money or forbearance of a debt, which constitutes usury under our law.

The argument is that the eight per cent. agreed to be given is a part of the consideration to be given, and is but a mode of expressing the difference between the cash and credit price of the goods sold; and that it is not usurious to charge more than legal interest when credit is given, and this difference in credit and cash price may as well be put in the shape of a per cent. for the time credit is extended as in the shape of a round sum for such time or credit. In other words, a party may be willing to take for a horse one hundred dollars in cash, but would not be willing to sell the same horse, on twelve months credit, for less than one hundred and twenty dollars, and such sale at one hundred and twenty dollars would be legal, and not in any respect usurious, and it is now insisted it cannot matter whether the additional amount of twenty dollars charged for this credit is stated as a round sum or as a per cent. upon the one hundred dollars for the twelve months credit granted.

This contention is well supported by authorities in

our own State and elsewhere. *Garrity* v. *Cripp*, 4 Bax., 86; *Brown* v. *Gardner*, 4 Lea, 157; *Rogers* v. *O'Neal*, 6 L. R. A., 427; *Tousey* v. *Robinson*, 1 Metcalf, 663; *Graeme* v. *Adams*, 14 Am. Rep., 130; *Cutler* v. *Wright*, 22 N. Y., 427; *Hansbrough* v. *Peck*, 72 U. S., 509.

We think the allegations of the bill, as well as the proof, bring this contract within this rule, even if it should be considered a Tennessee contract. There is in it neither the loan of money nor the forbearance of a debt, and the per cent. agreed to be given for the credit was a part of the original consideration for the trade, and we are unable to see in it any device or attempt to evade the usury laws.

There is another feature in the case that is material to mention. It appears from the proof that, pending this litigation, the debts due the bank and Wolfe have been paid, for which this note was pledged as collateral, and neither the bank or Wolfe have now any interest in the recovery. Still, under the law, notwithstanding the principal debt has been paid pending suit on the collateral, such suit may properly continue to judgment, and, if the holder collect the same, he will hold it as trustee for the benefit of the debtor—that is, the owner of the collateral. Jones on Pledges, Sec. 664; *Logan* v. *Cassell*, 32 Am. Rep., 453. But this is only when the maker will not be thereby deprived of some equitable defense he might have against the payee;

or, in other words, the holder can only recover subject to the equities of the maker against the payee. *Logan* v. *Cassell*, 32 Am. Rep., 453; 2 Parsons on Notes and Bills, 437; *Pearce* v. *Austin*, 34 Am. Dec., 523.

In this case it is alleged that there are equities as between Mann, the maker, and Johnson, the payee of the notes, and some proof is taken on that point, but it is not sufficient to determine the rights of these parties as between themselves, nor has the case been passed upon in the Court below with a view to an adjudication and determination of these equities.

We are of opinion, from the record, that the contract is a North Carolina contract, and so intended, and the fact that the note is dated Knoxville, and payable in Knoxville, arises simply from an accidental use of a blank note with these words in it, and not from a design to make it a Tennessee contract, or that it should be governed by Tennessee law.

This being so, complainants have the right to collect the note from Mann, and hold the proceeds as trustee for Johnson, but subject to all equities existing between Mann and Johnson arising out of the trade between them.

The decree of the Chancellor is reversed, and the cause remanded for such further proceedings as may be necessary to fix the rights and equities between

Bank *v.* Mann.

Mann, the maker, and Johnson, the payee, growing out of their contract of sale and purchase.

The costs of the appeal will be paid equally by Mann and Johnson, and the costs of the Court below will be adjudged on final hearing.