# Coats v. Mutual Alliance Trust Co.

### *Assumpsit.*

(Decided November 29, 1911. 56 South. 915.))

1. *Bills and Notes; Action; Parties; Assignee.*—Where a note is assigned as collateral security. the assignee becomes the holder of the legal title, and is, therefore, the real party at interest within section 2489, Code 1907.

2. *Pledges; Right to Sue; Payment of Debt.*—Since payment after suit brought would not divest the assignee of the right to continue to prosecute the action for the benefit of the real owner on a note transferred to the assignee as collateral security, pleas alleging that the debt for which the note was pledged had been paid, but failing to allege that it had been paid before the action was commenced, were insufficient under section 2489, Code 1907; the amount of plaintiff's recovery is to be determined by the amount due on the note by the maker to the payee.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Action by the Mutual Alliance Trust Company against John G. Coats on a note. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas referred to in the opinion are as follows: (E) "That the note sued on was given by the defendant to the City Bank & Trust Company, of Demopolis, Ala., and is now held by the plaintiff as collateral security for the payment of a certain note given by the City Bank & Trust Company to the said plaintiff for, to-wit, $18,000, due November 1, 1910; that, prior to the 1st day of December, 1910, said City Bank & Trust Company paid in full its said notes to plaintiff; that the only right to or interest which the plaintiff has in the note sued on is derived from and by reason of the fact that said note is collateral to said principal note; that, since the payment of said principal note, the plaintiff has no right in or to the note sued on; that the payment

of said principal note by said City Bank & Trust Company to the plaintiff ipso facto divested the title to said note out of plaintiff, and reinvested the City Bank & Trust Company with the legal title to and the beneficial ownership of said note; wherefore, defendant says plaintiff has no right to further prosecute this suit." (F) "The general issue, G, H, I, J, K, and L are in all respects practically the same as plea E, except that the phraseology is somewhat varied; and it is further alleged in some of the said pleas that, since the commencement of this suit, the title and interest of plaintiff in the note sued on had ceased because of the fact that the principal note to which this was collateral, has been paid."

HENRY MCDANIEL, for appellant. The pleas were sufficient, and presented a valid defense to the suit. —Section 3967 and 5332, Code 1907, and cases cited; Rule 29, Circuit Court Practice.

B. G. WILSON, for appellee. The endorsement of a promissory note is a contract which cannot be contradicted or varied by parol evidence.—*Day v. Thompson,* 65 Ala. 267; 76 Ala. 133; 116 Ala. 1. The payee of a note which has been endorsed and transferred as collateral is not the party really at interest.—*Ala. T. Co. v. Knox,* 115 Ala. 567. The suit was properly brought in the name of the assignee.—108 Ala. 111. Having made the note a negotiable instrument and put it in circulation, its holder was the only one to whom payment could be made, and it is no defense to show that the maker paid the original payee.—*Prim v. Hamil,* 134 Ala. 652; *Capital City I. Co. v. Quinn,* 73 Ala. 560; *Blackmon v. Lehman,* 63 Ala. 550.

McCLELLAN, J.—Action by the assignee (appellee), by indorsement, of a promissory note, which was payable at a designated banking house in Demopolis, Ala.

Under the letter of Code, § 2489, the holder of the "legal title" to such an obligation is the proper party to institute the action.—*Hanna v. Ingram,* 93 Ala. 482, 9 South. 621; *Berney v. Steiner,* 108 Ala. 111, 19 South. 806, 54 Am. St. Rep. 144; *Bibb v. Hall & Farley,* 101 Ala. 79, 95, 14 South. 98. In emphasis of the distinction taken by the statute cited, certain other characters of promises to pay must be sued on by the beneficial owner, the party "really interested." "The legal title" to such an obligation as is here declared on is a distinct conceit from the *right* to the proceeds thereof. One may be the holder of the "legal title," though the proceeds belong to another.—*Berney v. Steiner, supra; Hanna v. Ingram, supra; Hirschfelder v. Mitchell,* 54 Ala. 419, 423, 424; *Carmelich v. Mims,* 88 Ala. 335, 6 South. 913; *Bibb v. Hall & Farley, supra.*

Independent of all other considerations, the pleas (E to L, inclusive) possessed this common fault, pointed out by the demurrers, viz., that it was not alleged therein that the principal debt, to secure which the note in suit was assigned, by indorsement, as a collateral security, was *paid in full before this action* was commenced. Whatever may be the status, under our statute, of right of an assignee to institute an action on a note held as collateral security *after the debt it is assigned to secure has been fully paid*—a question not at all necessary to be here considered—there can be no doubt that such payment of the principal debt, *pending* the action to enforce payment of the collateral note, will not defeat the action, or divest the assignee plaintiff of the right to continue to prosecute the action, to enforce payment of the collateral.—*Logan v. Cassell,* 88

Pa. 288, 32 Am. Rep. 453; *Houser v. Houser*, 43 Ga. 415; 2 Rnd. on Com. Paper, § 796; 2 Parsons on Notes & Bills, 437; *First Nat. Bank v. Mann*, 94 Tenn. 17, 27 S. W. 1015, 27 L. R. A. 565, 568. In such case, equities available to the payor defendant, had the action been by the payee, may be pleaded by the payor defendant. —*First Nat. Bank v. Mann, supra; Logan v. Cassell, supra; Houser v. Houser, supra.* The amount of the recovery is not to be affected by the amount due the assignee by the assignor upon his loan. The recovery by the assignee plaintiff, in such case, is for the use and benefit of the payee in the collateral note. Author, supra.

The indicated ground of the demurrers was well taken and the judgment is accordingly affirmed.

Affirmed. All the Justices concur.

DOWDELL, C. J., not sitting.