NATIONAL BANK OF THE REPUBLIC OF CHICAGO, RESPONDENT, *v.* AMERICAN BREWING CO., APPELLANT.

(No. 6,133.)

(Submitted June 2, 1927.  Decided June 29, 1927.)

[257 Pac. 1043.]

*Pledges — Negotiable Promissory Notes — Title in Pledgee — Right to Sue, in Whom—Payment During Pendency of Action to Enforce Payment—Effect on Right to Prosecute Action to Judgment.*

Pledges—Negotiable Promissory Notes—Pledge Contract Giving Right to Pledgor Bank to Enforce Payment Does not Deprive Pledgee of Right to Sue.

1.  Where a pledge contract between pledgor and pledgee banks provided that promissory notes, the subject of pledge, should be lodged with the pledgor for collection as trustee for the pledgee and that the former could sue to enforce collection, the right thus granted was merely permissive and did not deprive the pledgee of its independent right of action.

Same—Payment of Principal Obligation After Commencement of Action on Note not Destructive of Right of Pledgee to Prosecute Action to Judgment.

2.  Where the debt to secure which a promissory note has been pledged is paid after commencement of action by the pledgee

---

2.  See 21 R. C. L. 669.

against the maker to enforce payment, such payment of the principal obligation does not ipso facto operate to defeat the pledgee's right to prosecute the action to judgment as trustee for those entitled to the amount recovered.

Same—Transfer of Negotiable Note by Indorsement in Pledge Vests Pledgee With Absolute Title.

3. The transfer of a negotiable promissory note in pledge by indorsement before maturity vests an absolute title in the pledgee, irrevocable except upon the payment of the principal indebtedness, i. e., the pledgee is the owner and holder thereof though its physical possession is in the pledgor under a trust agreement with pledgee.

[1]  Pledges, 31 Cyc., p. 887, n. 4.
[2, 3]  Pledges, 31 Cyc., p. 813, n. 86, 89, p. 887, n. 98 New, 4, 6.

*Appeal from District Court, Cascade County; Stephen J. Cowley, Judge.*

ACTION by the National Bank of the Republic of Chicago against the American Brewing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. George H. Stanton,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

The pledgee of negotiable paper may sue thereon in his own name. (*First National Bank of Lewistown* v. *Wilson,* 57 Mont. 384, 188 Pac. 371; *Yellowstone National Bank* v. *Gagnon,* 19 Mont. 402, 61 Am. St. Rep. 520, 44 L. R. A. 243, 48 Pac. 762; *Lewis* v. *Lindley,* 19 Mont. 422, 48 Pac. 765; *Polhemus* v. *Prudential Realty Corp.,* 74 N. J. L. 570, 67 Atl. 303; *White* v. *Phelps,* 14 Minn. 27, 100 Am. Dec. 190; *Triplett* v. *Foster,* 115 N. C. 335, 20 S. E. 475; *Melton* v. *Pensacola Bank & Trust Co.,* 190 Fed. 126, 111 C. C. A. 166; Colebrooke on Collateral Securities, sec. 91; 8 C. J. 844; *Central Bank* v. *Lyda* (Mo. App.), 191 S. W. 245, at p. 250;

3.  See 21 R. C. L. 668.

*French & Co.* v. *Haltenhoff*, 73 Or. 249, 144 Pac. 480.) It is not necessary to allege that the note in suit was given as collateral security. (8 C. J. 865; *Baxter* v. *Moore*, 56 Ind. App. 472, 105 N. E. 588.) In fact it is not necessary to allege or prove ownership; it is sufficient if the plaintiff is the holder of a negotiable promissory note at the time the suit is brought. (*J. I. Case Threshing Mach. Co.* v. *Simpson*, 54 Mont. 316, 170 Pac. 12; sec. 8458, Rev. Codes 1921.)

The pledgee of a negotiable instrument is entitled to prosecute the suit to judgment even though pending the litigation the principal obligation is paid. (21 R. C. L. 669; *McNary* v. *Farmers' Nat. Bank*, 33 Okl. 1, Ann. Cas. 1914B, 248, 41 L. R. A. (n. s.) 1009, 124 Pac. 286; *First National Bank of Johnson City* v. *Mann*, 94 Tenn. 17, 27 L. R. A. 565, 27 S. W. 1015; *Johnston* v. *Gulledge*, 115 Ga. 981, 42 S. E. 354; *Coats* v. *Mutual Alliance Trust Co.*, 174 Ala. 565, 56 South. 915; *Logan* v. *Cassel*, 88 Pa. 288, 32 Am. Rep. 453.)

MR. JUSTICE GALEN delivered the opinion of the court.

By complaint in this action, filed on February 13, 1925, the plaintiff sought to recover from the defendant the balance due on a promissory note executed by the defendant April 20, 1923, for the principal sum of $10,000, with interest, payable September 20, 1923; such balance alleged amounting to $2,511.95. In addition plaintiff asked the allowance of a reasonable attorney's fee and costs incurred in the action. On February 15, 1925, the defendant filed its answer consisting of a general denial, and thus issue was joined. The cause was brought on for trial on June 3, 1925, before the court sitting with a jury. At the conclusion of all of the evidence adduced by both parties, each moved the court for a directed verdict, as a result of which the cause was by the court taken from the consideration of the jury. Subsequently thereto, on June 25, 1926, the defendant moved the court for leave to amend its answer to conform to the proof, which motion was by the court granted on June 22, 1926. The amendment, so

far as pertinent here, reads: "The defendant alleges that the promissory note described in the complaint herein was, long prior to the institution of this action, pledged to plaintiff, or its predecessor in interest, the National City Bank of Chicago, as security for an obligation of Stanton Trust & Savings Bank, represented by a promissory note of Geo. H. Stanton. The defendant alleges that on or about the 14th day of March, 1925, the said obligation of Stanton Trust & Savings Bank and of Geo. H. Stanton was paid in full, and that then and there the said promissory note described in the complaint, and also the said principal obligation of Stanton Trust & Savings Bank and of Geo. H. Stanton, were each canceled by plaintiff as fully paid, and then and there delivered and surrendered to the Stanton Trust & Savings Bank, and that at no time since has the plaintiff had possession of either of said notes, nor has the plaintiff at any time since had, nor now has any right, title, or interest in or to either of said notes."

In substance the proof had shown the facts to be as stated in such amendment to the answer, and it comprises a sufficiently fair statement of the facts shown to exist at the time of the trial in order to understand the questions presented for decision on this appeal. On November 19, 1926, judgment was entered in favor of the plaintiff in accordance with the prayer of its complaint for the sum of $2,953.41, together with the sum of $250 allowed as a reasonable attorney's fee, and costs incurred; the total judgment entered being for the sum of $3,313.81. The pledge contract was originally made with the National City Bank of Chicago, but the plaintiff herein is the successor in interest of that bank as a result of regular consolidation and assignments properly executed.

The only question presented for decision is whether the court erred in entering such judgment. Appellant's specific assignments of alleged error are four in number, substantially as follows: (1) That the court erred in holding that the plaintiff was authorized to prosecute the action in view of the con-

tract under which the securities in pledge were held; (2) that the court erred in holding that a suit may be maintained to enforce a pledge after the payment of the principal obligation for which the pledge was security; (3) that the court erred in not giving judgment for costs to the defendant upon the uncontroverted facts adduced at the trial, showing full payment of the principal obligation for the payment of which the note in suit was pledged; and (4) that the court erred in rendering judgment for the plaintiff in the absence of proof that the plaintiff was the owner or holder of the note sued upon, the proof affirmatively disclosing that the plaintiff at the time of the trial was neither the owner nor holder of the note, and that it had no interest in the same whatsoever. We will consider and determine the questions presented based on the merits of the alleged errors assigned.

1. By a contract executed between the National City Bank [1] of Chicago and the Stanton Trust & Savings Bank and George H. Stanton, respecting collateral securities pledged to the National City Bank of Chicago, it is provided that: "All notes held by the second party [Chicago bank] as collateral to the Stanton obligation, are to be lodged with first party [Stanton bank] or its cashier under trust receipt, for collection and remittance to the holder of such collateral."

It is further therein provided that none of the collateral notes are to be renewed or the time of payment extended without the written consent of the Chicago bank, but that the Stanton bank "may take additional security, and may sue in the name of the second party bank holding any of said notes to enforce payment, but at the expense of first party [Stanton bank]." In consequence of such agreement it is earnestly contended by the defendant's learned counsel that exclusive authority to sue on any of the securities pledged was vested in the Stanton bank, and that accordingly the plaintiff is not a proper party plaintiff.

There is no merit whatsoever in this contention. We see nothing in the provisions of the contract which under any

79 Mont.—39

possible construction gives to the Stanton bank exclusive authority to sue upon the notes held in pledge. The mere fact that the notes were deposited with the Stanton bank for collection did not confer upon the latter the exclusive right of action. The right granted is permissive, and did not serve to deprive the pledgee of its independent right of action. As was correctly stated in the case of *National Park Bank of New York* v. *American Brewing Co.*, ante, p. 542, 257 Pac. 436: ''While contract provisions gave the Stanton bank the right to hold, collect, and sue upon such notes in pledge, yet thereby the pledgee did not surrender its legal rights in this respect. It could maintain action independently as pledgee, although during the existence of the contract under which the collateral securities were held, the depository was authorized to sue in the pledgee's name.''

2, 3. What was the effect of the payment of the amount of the principal obligation after the action had been commenced [2] by the pledgee to recover the balance due on the defendant's note held in pledge? There can be no question respecting the legal right conferred upon the pledgee to maintain action on the note in its own name after the maturity of the pledged note, the principal indebtedness not having been paid. (Sec. 8312, Rev. Codes 1921; *National Park Bank of New York* v. *American Brewing Co.*, supra.) But did the payment of the principal obligation by the pledgor during the pendency of the action in and of itself have the effect of abating the action against the maker of the pledged note? We think not.

The authorities to be found on this question are not numerous, but such as have been called to our attention are all in accord with our own view of the law; i. e., that where the debt to secure which a promissory note has been pledged is paid after action has been commenced by the pledgee against the maker to enforce payment, such subsequent payment of the principal obligation does not ipso facto operate to defeat the pledgee's right to prosecute the

action to judgment. (*McNary* v. *Farmers' National Bank*, 33 Okl. 1, Ann. Cas. 1914B, 248, 41 L. R. A. (n. s.) 1009, 124 Pac. 286; *Coats* v. *Mutual Alliance Trust Co.*, 174 Ala. 565, 56 South. 915; *Houser* v. *Houser*, 43 Ga. 415; *Johnson City First Nat. Bank* v. *Mann*, 94 Tenn. 17, 27 L. R. A. 565, 27 S. W. 1015; *Logan* v. *Cassell*, 88 Pa. 288, 32 Am. Rep. 453; *National Park Bank* v. *American Brewing Co.*, supra; 21 R. C. L. 669.)

In this case the plaintiff's right to collect on the pledged note existed at the time the action was commenced, for admittedly at that time neither the principal obligation nor the amount due on the pledged note then past maturity had been paid. Its right in this respect was conferred by reason of the default of the maker of the note, and the plaintiff because thereof became entitled to recover a judgment on the pledged note for the amount remaining unpaid. The subsequent payment of the principal obligation did not of itself dispose of the action lawfully pending on the collateral. Under such circumstances, the pledgee may proceed, as was done in this case, to judgment in the action so commenced, as trustee for those legally or equitably entitled to the amount recovered. Any other holding would create much confusion and disturbance of legal rights and procedure. The maker of the note in suit owed the debt, and it is of no concern to it, nor is it a defense, that the principal indebtedness for which the note in suit was by the plaintiff held has been paid by the pledgor. As between the parties to the action the pledgor is a stranger to the litigation.

4. The note in suit was regularly indorsed by the payee, [3] Stanton Bank & Trust Company, to the National City Bank of Chicago, and was merely held by the Stanton bank as a depositary for the Chicago bank. This is shown conclusively by the trust receipt which was issued for it by the Stanton bank, reading in part as follows:

"Received from the National City Bank of Chicago the following described negotiable instrument, which is their

property, viz.: Note of the American Brewing Company, dated April 20, 1923, numbered 8,094, for a face amount, of $10,000. This note is held by the said The National City Bank of Chicago as collateral to the note of Geo. H. Stanton, dated June 18, 1923, due October 18, 1923, for an original face value of $50,163.38, and to any note or notes in renewal of the whole or any part of such note, and in consideration thereof the undersigned Stanton Trust & Savings Bank in liquidation hereby agrees to hold this said note of the American Brewing Company in trust for the National City Bank of Chicago, as the property of said bank, with liberty to collect the said note for account of said the National City Bank of Chicago, and the undersigned further agrees, in case of the collection of said note, to hand or remit the proceeds of said collection to said the National City Bank of Chicago to apply on account of the indebtedness of Geo. H. Stanton to said The National City Bank of Chicago above mentioned, or on account of any other indebtedness due and owing to said the National City Bank of Chicago by Geo. H. Stanton. The said the National City Bank of Chicago may at any time cancel this trust and take possession of said note, or of the proceeds of any collection, wherever the said note, or the proceeds of any sale or collection of same, may be found.''

The mere fact that the note in suit was by the plaintiff held in pledge is sufficient to establish that the plaintiff was the owner and holder of the note, for the purpose of maintaining action to recover upon it after its maturity and before the payment of the principal obligation. The transfer before maturity of a negotiable promissory note in pledge vests an absolute title in the pledgee, irrevocable except upon the payment of the principal indebtedness. (*Yellowstone National Bank* v. *Gagnon,* 19 Mont. 402, 61 Am. St. Rep. 520, 44 L. R. A. 243, 48 Pac. 762; *First National Bank of Lewistown* v. *Wilson,* 57 Mont. 384, 188 Pac. 371; *French & Co.* v. *Haltenhoff,* 73 Or. 249, 144 Pac. 480.)

"The transfer before maturity of a negotiable promissory note, so as to make the pledgee a party, although as collateral security for a principal indebtedness less in amount than the notes held as collateral, vests an absolute title in the pledgee in such collateral, irrevocable except upon payment of the principal debt.   The pledgee is entitled to recover of the parties to such collateral note the whole amount of its face, holding any surplus for the benefit of persons who are entitled to it.   It is immaterial to the maker of such collateral paper what the pledgee advanced upon the note, or upon what terms the pledgor and pledgee may settle.   His obligation, as expressed in the collateral security, is an independent undertaking, and may be enforced by a pledgee advancing value in good faith, without notice, free from antecedent equities." (Colebrooke on Collateral Securities, sec. 91.)

The plaintiff was the owner of the note in suit by reason of its indorsement to it by the payee, Stanton Bank & Trust Company.   Its ownership was subject to be defeated only by the payment of the principal obligation, although the legal title in the pledged note remained in the pledgor.   And the possession of the note by the Stanton Bank & Trust Company was clearly the possession of the plaintiff and its predecessor. (*National Park Bank* v. *American Brewing Co.,* supra.)   Therefore, in our opinion, there is no merit in the contention that the plaintiff was not shown to be the owner and holder of the note in suit.

5. The record does not indicate any excuse whatsoever for the long delay of the court in passing judgment in this case.   As noted, it was taken from the jury upon the completion of all of the evidence, June 3, 1925; both parties having moved for a directed verdict.   The case presents a simple action to recover a balance due on a promissory note, yet the court did not decide it and enter judgment until the lapse of a period of one year, five months and sixteen days. Excuse may, and doubtless did, exist in this case, but it would be well for all district judges to keep in mind the require-

ments of section 8815 of the Revised Codes of 1921, whereby the legislature intended to expedite the disposition of the causes of litigation before the courts. Such procrastination is never justified, for, if the judge himself cannot act, he may easily call another to take his place. Effort should be made to avoid justifiable complaint of the law's delays by our citizens.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Matthews concur.