## WHITING v. MILL ENGINEERING & SUPPLY CO.
### No. 7885.

Circuit Court of Appeals, Sixth Circuit.
Sept. 18, 1939.

Miller, Miller & Martin, of Johnson City, Tenn., for appellant.

Williams & Winston, of Johnson City, Tenn., for appellee.

Before HICKS, HAMILTON and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This is an appeal from a decree affirming an order of a referee in bankruptcy, and adjudging appellee's right as vendor of certain saw mill machinery under a conditional sales contract to be superior to that of appellant as purchaser of the interest held by a mortgagee of the vendee. The deed of trust, under which appellant claims, was executed by the Whiting Lumber Company, now bankrupt, prior to the conditional sales contract under which appellee claims, and contained a provision as to after-acquired property, as follows: "And also all the machinery and equipment of the same general nature and description which shall, or may at any time or times hereafter during the existence of said indebtedness, be brought upon the milling premises or used in connection with the operations of said mill." The deed of trust was originally executed in favor of Hambleton & Company, Inc., of Baltimore, Maryland, as security for an indebtedness. The interest conveyed thereby was purchased by appellant at·a foreclosure against Hambleton & Company, after installation of the machinery in question and subsequent to the bankruptcy of the Whiting Lumber Company.

Appellant contends that appellee's entire claim is void and unenforceable because the conditional sales contract provided for a usurious rate of interest.

The terms of the contract under which the machinery in question was purchased called for payment of $5,000 when the contract was signed, and the balance of the price agreed in twenty-four monthly installments of $342.50, beginning March 2,

1931, with 7% interest from March 2, 1931, "payable on the same date as the installments of principal." The obligation to pay these monthly installments was evidenced by as many promissory notes, dated January 2, 1931, which provided for the payment of 7% interest from March 2, 1931, "until paid." These interest provisions were said to constitute usury under the law of Tennessee, which renders contracts for the payment of more than 6% interest void. The referee and the District Court were of the opinion that the interest provisions in the notes rendered them void, but that the conditional sales contract was valid, and its validity unaffected by the invalidity of the notes. In consequence, it was held that the Whiting Lumber Company was indebted to appellee to the extent of the principal of the unpaid installments, with 7% interest on each until payment was due, and 6% thereafter. The Court also held that appellee was entitled to possession of the property in question, and ordered delivery for the purpose of enforcing appellee's lien in accordance with the statutes of Tennessee. The order recognized appellant's ownership of an equity in the property in consequence of his purchase at the foreclosure sale.

■ We are of the opinion that the conclusions arrived at by the referee and the District Court were correct. Assuming the conditional sales agreement to be a Tennessee contract, as urged by appellee and as held by the District Court, we are of the opinion that the contract was valid in accordance with the law of that state. To avoid usury under Tennessee law, it is necessary that any "interest" in excess of the legal rate be not intended as interest in the technical sense, but as a means of expressing the difference between a cash and credit price, and that such excess rate be restricted to a period not exceeding the maturity of the principal obligation. See First Nat. Bank of Johnson City v. Mann, 94 Tenn. 17, 27 S.W. 1015, 27 L.R.A. 565; Brown v. Gardner, 4 Lea, Tenn., 145; Garrity v. Cripp, 4 Baxt., Tenn., 86. Cf. Hogg v. Ruffner, 66 U.S. 115, 1 Black 115, 17 L.Ed. 38; Cutler v. Wright, 22 N.Y. 472; Reger v. O'Neal, 33 W.Va. 159, 10 S.E. 375, 6 L.R.A. 427. It may be conceded that the requirement for the payment of 7% interest, "payable on the same date as the installments of principal," does not make clear whether that rate was intended to apply merely until maturity or until actual payment.

However, we agree with the referee and the District Court that any ambiguity should be resolved in favor of the validity of the contract, and that the invalidity of the notes is of no consequence, inasmuch as appellee's claim is based exclusively upon the contract.

Other objections to the validity of the conditional sales contract were held to be without merit, and we perceive no error in so holding.

■ Appellant also contends that, by virtue of his purchase of the interest conveyed under the deed of trust, he acquired an interest in the premises upon which the mill was situated. The claim is also made that the machinery in question was so attached to the realty as to become a fixture thereto. In consequence, it is concluded that all rights of appellee, as conditional vendor, are lost. But the referee found that the Whiting Lumber Company owned no interest in the land upon which the mill was situated. His finding was confirmed by the District Court and is substantiated by the record. Consequently, no interest in realty could have been conveyed by the deed of trust, and appellant could have acquired none by his purchase.

It follows, therefore, that appellant, notwithstanding the after-acquired clause, acquired no right superior to that of a subsequent vendor under a valid conditional sales contract; and appellant does not contend that a mere chattel mortgagee is entitled to such a priority. See Annotations, 13 A.L.R. 448 and 478.

■ Nor can appellant qualify as a bona fide purchaser so as to cut off appellee's interest. The referee found from substantial evidence, and his finding was confirmed by the District Court, that appellant had actual notice of appellee's claim at the time of his purchase. It follows that appellant acquired only such interest in the machinery in question as had been owned by the Whiting Lumber Company. The conditional sales contract being valid, that interest was merely an equity remaining after the claim of appellee, secured by its retention of legal title, had been satisfied.

We doubt whether the evidence was sufficient to warrant a finding that the machinery in question was so attached to the land as to become a fixture; but we agree with the referee and the District Court that such a finding would have been im-

material, inasmuch as appellant acquired no interest in the land.

We have considered appellant's other assignments of error and find none that merit discussion here.

The decree of the District Court is affirmed.